## FABER v. FABER.

PARTIES—REPRESENTATION OF CLASS.—The interests of remote residuary legatees when the class consists of numerous persons, some within the jurisdiction of the Court and some without, some of whose names are known to plaintiff and some not, may be adjudicated under section 140, of the Code, by making one member of the class a party defendant to represent the class.

Before PURDY, J., Charleston, November, 1906. Affirmed.

Action by Joseph Hilton Faber against Joannis Jackson Faber, as trustee, George Lewis Faber *et al.* From Circuit decree, defendant, C. L. Legerton, appeals.

*Messrs. Smythe, Lee & Frost,* for appellant, cite: *To make sale valid, all parties having any substantial interest should be before the Court:* 3 Rich. Eq., 1; 22 S. C., 323, 413; 20 S. C., 72; 25 S. C., 35; 23 S. C., 502. *Such parties cannot be divested of title by representation by one for the class:* Pom. on Code Rem., secs. 388-400.

*Mr. T. W. Bacot,* contra, cites: *The interests of the residuary legatees are properly represented by one of the class:* Code of Proc., 140; Story Eq. Pl., sec. 97; Bliss on Code Pl., sec. 79; Pom. Code Rem., secs. 388, 389, 392, 401; 4 S. C., 408; Story Eq. Pl., sec. 144; 2 Rich. Eq.. 321; 3 Rich. Eq., 1; 4 Rich. Eq., 475; 22 S. C., 323; 31 S. C., 91. *Residuary legatees are not necessary parties:* 23 S. C., 502.

### STATEMENT OF FACTS.

Leonard Weissinger died in 1879, leaving a will whereby he devised a lot of land in Charleston, to Wilmot D. DeSaussure in trust: (1) for his grand-nephew, Joseph Hilton Faber, the plaintiff herein, for life, and then for such lawfully begotten children of Joseph Hilton Faber, as should be living at the time of his death; (2) in case of no such

child or children, then for John Lewis Faber and Joannis Jackson Faber, brothers of the plaintiff and defendant herein, or either of them that may be living, for life, and then for such lawfully begotten child or children as may be living at the time of their death; and (3) in case of no such child or children, then "to sell the same, and the net proceeds arising therefrom to pay over to and divide among the legatees then living, as provided for in the residuary clause hereinafter."

The residuary clause directs the executor to execute the following uses:

"1. To pay over one-fourth of the net proceeds of such my residuary estate, to my cousin, John Weissinger, of Blackville, South Carolina, and if he be dead at the time of my death, then to pay over such one-fourth to and among his children then living, equally to be divided between them, if more than one.

"2. To pay over three-twentieths of the net proceeds of such my residuary estate to my cousins, Henry Y. Weissinger and Mildred C. Weissinger, the children of my cousin, Leonard Weissinger, and to the survivor of them living at the time of my death. But if neither of my said cousins, Henry Y. Weissinger or Mildred C. Weissinger, should be living at the time of my death, then in such case to pay over such three-twentieths of the net proceeds to and among my cousins mentioned in this my will, living at the time of my death, according to the proportions in this my will directed to be paid to them.

"3. To pay over three-twentieths of the net proceeds of such my residuary estate to my cousins, the children living at the time of my death, of my cousin, John Weissinger, equally to be divided between them. But if there be no children of my cousin, John Weissinger, living at the time of my death, then and in such case to pay over such three-twentieths of the net proceeds to and among my cousins mentioned in this my will living at the time of my death,

FABER *v.* FABER.

according to the proportions in this my will directed to be paid to them."

Sections 4, 5 and 6 are identical in all respects with section 3, except that they contain respectively the names of James Weissinger, George Weissinger and Alex Weissinger. The cousins mentioned in the last five sections were the children of testator's uncle, George Weissinger. The last clause of the will is as follows:

"I nominate, constitute and appoint Wilmot G. DeSaussure, executor of this my last will and testament, and I authorize and empower him as such my executor, and to carry out not only the residuary clause of my will, but also in order to change the investments, if in his discretion necessary, of the property devised to him in trust for my grand-nephews, John Lewis Faber, Joseph Hilton Faber and Joannis Jackson Faber, or for the purpose of dividing the same as provided for in the clauses relating thereto, and this as often as occasion may require, to sell and dispose of all and any part of my property, real or personal, and as such my executor and as such trustee as the case may be, to execute conveyances and transfers therefor."

Wilmot G. DeSaussure died in 1886, and Joannis Jackson Faber is now his successor.

This action was brought for the purpose of selling said property, in order that the proceeds arising from the sale might be reinvested under the direction of the Court, and subject to the trusts declared in the sale.

The complaint alleges, "that the legatees mentioned and provided for in the residuary clause of the will, besides having a common or general interest in the said premises, are very numerous, and that it is impracticable to bring them all before the Court, for the reason that the plaintiff, Joseph Hilton Faber, is unacquainted with them and that even the names and residences of almost all of them are unknown to him, and, therefore, that the defendant, Gerard L. Weissinger, who is a son of 'John Weissinger, of Blackville, South Carolina' (now deceased), and who is himself

also one of the said residuary legatees, is made a defendant herein to represent the said residuary legatees, as a class, and in order that he may defend this action for the benefit of the whole, under section 140 of the Code of Civil Procedure of South Carolina."

The following stipulation as to facts is set out in the record: "It is admitted that only one of the very numerous residuary legatees referred to in the will of Leonard Weissinger, and in the complaint in this cause, and especially in such portion as refers to the parties interested under the said residuary clause, as set out in paragraph 2 of said complaint (although some of them be in this jurisdiction, and although some of their names and residences were known at the time of the commencement of this action), has been made a party; the contention being, however, that as a matter of law the residuary legatees are not necessary parties, but that if they are necessary parties, they can be represented, as a class, and are herein so represented, under section 140 of the Civil Code of Procedure of South Carolina."

All the issues were referred to the master, who made the following findings of fact:

"I find all the facts alleged in the complaint to be correct and true.

"I Ifind that all persons *in esse* having any interest in the property willed and devised to Wilmot G. DeSaussure in trust, by the said will of the said Weissinger, deceased, are parties to this action—the defendant, Gerard L. Weissinger, being properly made a party to represent and defend this action for the benefit of himself, and the other residuary legatees under the said will (who are the remotest contingent remaindermen of the said property, or rather of the proceeds of sale thereof), in as much as the question is one of a common or general interest of many persons, and also in as much as they (the said residuary legatees) are very numerous and most of them are beyond the jurisdiction of the Court, and even their names and residences are un-

known, and it is, therefore, impracticable to bring them all before the Court."

The report of the master was confirmed in all respects. His Honor, the Circuit Judge, ordered the lot to be sold, and at the sale, it was knocked down to C. L. Legerton, he being the highest bidder at the price of $4,405. Upon refusal to comply with his bid, a rule to show cause was issued against him. When the return was heard, it was held to be insufficient, and the rule was made absolute on the following grounds:

"The general rule is as contended by the said C. L. Legerton's attorneys, that all persons materially interested in the subject matter of the suit should be made parties, but there are two ways of making parties, to wit: by bringing before the Court each and every person interested, and by making one or more representatives of a class parties under section 140 of the Code of Civil Procedure, when they come within the purview of that section of the Code, as they do in this case.

"In this case each and every person *in esse* interested, has been brought before the Court, excepting the residuary legatees, whose interest as a class are properly represented by the defendant, Gerard L. Weissinger, under the provisions of said section 140 of the Code."

From this order C. L. Legerton has appealed.

### OPINION.

February 18, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY (after stating the facts). The first exception is that his Honor erred in holding, that the residuary legatees not made parties, could be properly represented, as a class, by the defendant, Gerard L. Weissinger, under section 140 of the Code.

The appellant's attorneys rely upon the following authorities to show that the case under consideration does not come

within the provisions of said section: *Bofil* v. *Fisher*, 3 Rich. Eq., 1; *LeRoy* v. *Charleston*, 20 S. C., 72; *Moseley* v. *Hankinson*, 22 S. C., 323; *DeLeon* v. *Barrett*, 22 S. C., 413; *Farr* v. *Gilreath*, 23 S. C., 502; *Covar* v. *Cantelou*, 25 S. C., 35.

Section 140 of the Code is as follows: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; * * * and when the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the Court, one or more may sue or defend, for the benefit of the whole."

The foregoing authorities unquestionably sustain the general doctrine, announced in *Moseley* v. *Hankinson*, *supra*, "that as far as the Courts of this State have ever gone, in dispensing with the presence of contingent remaindermen is, that where such remaindermen are not *in esse*, or reside abroad, and their names and residences are not known, and they cannot, therefore, be made parties, their presence may be dispensed with, and the Court may proceed to make a decree, which will bar the rights of such contingent remaindermen."

But in none of said cases were facts alleged that would bring the case within the provisions of section 140 of the Code, which was not considered. This section is discussed at length in Pom. Code Remedies, from which we quote as follows:

Section 391. "The construction of this section of the Code has been established by the Courts, and the rule is settled, as already stated, that where the question to be decided is one of common or general interest, to a number of persons, the action may be brought by or against one for all the others, even though the parties are not so numerous, that it would be impracticable to join them all as actual plaintiffs or defendants; but on the other hand, when the parties are so very numerous, that it is impracticable to bring them all into Court, one may sue or be sued for all the others, even though they have no common or general interest, in the questions at

11—76

issue; and the necessary facts to bring the case within one or the other of these conditions, must be averred."

Section 392. "The parties thus represented by the plaintiff or defendant, may not be in privity with each other, but there must be some bond of connection, which unites them all with the question at issue in the action. The test would be to suppose that an action in which all the numerous persons were actually made plaintiffs or defendants, and if it could be maintained in that form, then one might sue or be sued on behalf of the others; but if such an actual joinder would be improper, then the suit by or against one as a representative, would be improper, notwithstanding the permission contained in this section of the statute."

In the case of *Bofil* v. *Fisher*, 3 Rich. Eq., 1, the Court states that "the rules of practice in this Court as to parties, are rules adopted for convenience, and are oftentimes matters of discretion."

And in the case of *Smith* v. *Williams*, 116 Mass., 510, 512, it is said: "How far such persons should be made parties to the suit, depends largely upon the discretion of the Court, considering on the one hand the difficulty and expense of joining them, and on the other, the paramount importance of having such a representative of the interests concerned, as may enable the question at issue to be fairly tried."

The reason for this rule is thus stated in *Smith* v. *Swormstedt*, 16 How. (U. S.), 288, 303: "Where the parties interested in the suit are numerous, their rights and liabilities are so subject to change and fluctuations, by death or otherwise, that it would not be possible without very great inconvenience to make all of them parties, and would oftentimes prevent the prosecution of the suit to a hearing. For convenience, therefore, and to prevent a failure of justice, a court of equity permits a portion of the parties in interest to represent the entire body, and the decree binds all of them the same as if all were before the Court. The legal and equitable rights and liabilities of all being before the Court

by representation, and especially where the subject matter of the suit is common to all, there can be very little danger but that the interest of all will be properly protected and maintained."

We see no abuse of discretion on the part of his Honor, the Circuit Judge, in ruling that the numerous persons having contingent interests could be made parties by representation. This exception is, therefore, overruled.

These views practically dispose of all the questions involved.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.