## 7333

## WHITAKER v. MANSON.

PARTIES.—ONE CO-TENANT may bring an action under section 140 of Code of Procedure for possession of land against a stranger in his own name in behalf of himself and for the benefit of those deriving title in common with him, where the parties are very numerous and it is impracticable to bring them all before the Court.

*Bannister* v. *Bull,* 16 S. C., 220, *and Wilson* v. *Kelly,* 30 S. C., 483, *distinguished from this case.*

MR. JUSTICE HYDRICK *dissents.*

Before GAGE, J., Kershaw, October, 1908. Affirmed.

Action by L. L. Whitaker *et al.* against C. H. Manson *et al.* From Circuit order, permitting amendment to complaint, defendants appeal.

*Mr. Laurens T. Mills,* for appellants, cites: Pom. Rem. & Rem. R., secs. 392, 393; Code Proc., 137; 17 S. C., 439; 23 S. C., 187; 25 S. C., 275; 56 S. C., 96; 32 S. C., 293; Code Proc., 140; 16 S. C., 220; 30 S. C., 483; Bliss on Code Plead., sec. 79; 1 Pom. Eq. Jur., sec. 245; 15 Ency., 728-9; 54 S. C., 140; 76 S. C., 156; 34 S. C., 45; 17 S. C., 303; 13 S. C., 310.

*Messrs. Clark & Von Treschow,* contra, cite: 97 N. C., 121; 10 L. R. A., 87; 76 S. C., 156; Pom. R. & R. Rights, secs. 389-92, 401; 24 S. C., 40; 17 S. C., 165; 13 S. C., 310; 54 S. C., 440; 76 S. C., 156.

October 22, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiffs above named brought this action to recover possession of the tract of land described in the complaint, containing thirteen hundred and thirty-five acres. In the original complaint the allegation was made that the plaintiffs owned the land in fee simple.

The defendants answered by a general denial, and by setting up as affirmative defenses the statute of limitations and purchase of the land for value, without notice of plaintiffs' alleged title. Thereafter the Circuit Court granted the motion of the plaintiffs to amend the complaint by adding in the title of the cause, after the names of the plaintiffs, "in behalf of themselves and for the benefit of those deriving their title in common with plaintiffs from John Chestnut, deceased," and by inserting the words we have italicized in these portions of the complaint: "The plaintiffs, *complaining on behalf of themselves, as tenants in common of the lands hereinafter described, and all others who are tenants in common of said lands with plaintiffs, and deriving their title from John Chestnut, deceased, allege:* * * * *V. That those deriving their title in common with the plaintiff from John Chestnut, deceased, are very numerous, and that it is impracticable, therefore, for plaintiffs to bring them all before the Court in this action; therefore, they sue for the benefit of all.*"

The motion to amend was made under section 140 of the Code of Procedure.

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is of a common or general interest of many persons, *or when the parties are very numerous, and it may be impracticable to bring them all before the Court, one or more may sue or defend for the benefit of the whole.*"

The appeal of the defendants depends on whether one tenant in common may bring in all his cotenants as plaintiffs, under the above italicized clause. The section was under discussion in *Bannister* v. *Bull*, 16 S. C., 220, and the Court thus stated the law: "The case before us does not fall within the operation of this section. This is not a suit to partition land among tenants in common, in which it might be neces-

sary to have all the cotenants before the Court as plaintiffs or defendants in order to have a complete determination of the questions involved, but this is purely a legal action for the recovery of land—an action of trespass to try title against a stranger. The last paragraph of the section cited, allowing 'one or more to sue for the benefit of others,' does not apply to such a case, but was manifestly intended for creditors of an insolvent estate, and cases of that character, where the interest is in common. So, also, as to the first paragraph, in regard to making all parties *who are united in interest.* That does not control this case, for the reason that the interests of cotenants are *not united.* They may be said, in one sense, to have a common interest, but, according to our decided cases, they are not, as against a stranger, *united in interest* in the sense of this section of the Code. They have interests in the same property while it remains undivided, but such interests are distinct. Each has a right to the extent of his share. Indulgence is extended in allowing tenants in common to join in an action against a stranger, but they are not required to do so. 'Tenants in common may sever, and any one of them may bring ejectment for his share, and, upon proof, recover it, or may bring ejectment for the whole, and, upon proof, recover his share.' *Dorn* v. *Beasley,* 6 Rich. Eq., 420, in the late Court of Errors, where the authorities are cited.

"The heirs of Margaret refused to join in the action, and we know of no rule of law which authorizes the Court to make parties sue for what may be supposed to be their rights, or to withhold their rights from those who do sue, only for the reason that others having similar interests in the same property do not join. They had the right to refuse to sue. They may wish to have a separate suit for their interests, or they may not intend to set up their rights at all. It was not necessary that they should be joined, either as plaintiffs or defendants, to enable Martha Jane Bannister and Edward F. Reese, who did sue, to recover to the extent of their shares."

On first view, this language may seem to be conclusive of the question here involved; but it is not really so. In *Bannister* v. *Bull,* the plaintiff alleged that his cotenants, who owned a one-third interest in the land, had refused to join in the action as plaintiffs, and they had been made defendants. There. was a demurrer to the complaint, on the ground that there was a fatal defect of parties, in that all the cotenants did not join as plaintiffs. The question before the Court was whether section 140 forbade one tenant in common to sue to recover possession of his interest in the land, unless he joined all his cotenants as plaintiffs. The only point decided, therefore, was that cotenants have no such *common or general interest,* as makes all of them necessary parties to a suit instituted by any one or more for the recovery of the land. That all cotenants are proper parties to such an action, either as plaintiffs or defendants, there seems to be no doubt, and this Court so held.

*Bannister* v. *Bull* is cited as authority in *Wilson* v. *Kelly,* 30 S. C., 483, 9 S. E., 523; but that case also fails to solve the point here involved. The question there was, whether the fees of the counsel for one of the distributees of an estate, who had brought an action which had resulted in the settlement of the estate, should be. paid out of the fund before distribution. The Court answered the question in the negative, holding that such distributee was not a representative of the others. But the last clause of section 140 was not construed, for the opinion sets out that "the parties were not numerous, and were all brought by summons before the Court." These cases do decide cotenants have not such a common or general interest, as that merely by reason of common or general interest, one may sue for the benefit of others. But neither case decides that tenants in common do not fall under the last clause or condition of the section providing for cases where those who are either necessary or proper parties "are very numerous and it may be impracticable to bring them all before the Court," and

the intimations of the Court on that subject have only the force of *obiter dicta.*

Analysis of section 140 shows that it provides that one or more persons may sue for the benefit of the whole in either of two separate conditions—first, when the question in the cause is one of common or general interest of many persons; or, second, where the parties are united in interest, but are very numerous, and it may be impracticable to bring them all before the Court. As already indicated, the cases of *Bannister* v. *Bull* and *Wilson* v. *Kelly* decide that cotenants do not have such a common or general interest as to bring them under the first condition. Whether tenants in common fall under the second condition depends on whether one tenant in common is so united in interest with the others as against a stranger that he has the right to make all of them parties, either as plaintiffs or defendants, to an action brought against such stranger to recover possession of the land. This is the test laid down in Pomeroy's Rem., sec. 392, cited with approval in *Faber* v. *Faber,* 76 S. C., 162, 56 S. E., 677: "The parties thus represented by the plaintiff or defendant may not be in privity with each other, but there must be some bond of connection, which unites them all with the question at issue in the action. The test would be to suppose that an action in which all the numerous persons were actually made plaintiffs or defendants, and if it could be maintained in that form, then one might sue or be sued on behalf of the others; but if such an actual joinder would be improper, then the suit, by or against one as a representative, would be improper, notwithstanding the permission contained in this section of the statute."

It seems clear that one cotenant does have the right to make all his cotenants parties to such an action under the last clause of section 139 of the Code of Procedure, which provides: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein; and in an

3—84

action to recover the possession of real estate, the landlord and tenant thereof may be joined as defendants; and any person claiming title or right of possession to real estate may be made parties, plaintiff or defendant, as the case may require, to any such actions." If a plaintiff has a right to make his cotenants parties to such an action when the number is small, then there can be no doubt that he may bring them in as beneficiaries of the suit, when it is impracticable to bring them all before the Court on account of the number; for the design of the last portion of section 140 was to provide a mode of obtaining a complete determination of the rights of the parties in just such cases, when the number is so great as to make it impracticable to bring them all in by actual services. There are few adjudications of the point, but the exact question was decided in accordance with our conclusion in *Thames* v. *Jones* (N. C.), 1 S. E., 692; and the case of *McKenzie* v. *L'Amoureux* (N. Y.), 11 Barb., 516, is decided on the same principle.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. JUSTICE HYDRICK *dissenting*. The decision of the majority of the Court in this case seems to me to be at variance with the decision of this Court in the case of *Bannister* v. *Bull*, 16 S. C., 220, upon the point in question, which was reaffirmed in the case of *Wilson* v. *Kelly*, 30 S. C., 483.

This is an action at law for the recovery of land, as was the case of *Bannister* v. *Bull*. The plaintiffs sue as tenants in common, and it was distinctly held in Bannister's case that it was not necessary to make all the cotenants of the land sought to be recovered parties plaintiff, but that any one cotenant might sue and recover his share. Under the authority of that case, there is no reason why these plaintiffs may not maintain their suit for their shares without undertaking to bring in all their cotenants merely by representation. Moreover, the defendant may be prejudiced by such

a course of procedure, for certain defenses, for instance, title by prescription, may avail them against the adult plaintiffs, when it would not against infant plaintiffs. When parties are brought before the Court in this way, it cannot be known who they are, or whether they are adults or infants.

For these reasons, and because I do not think the section of the Code under which the amendment was allowed was intended to apply to a case like this, I dissent.