20739

Lucy M. KNOWLES, Individually and for the benefit and on behalf of all others similarly situated, Respondent(s), v. STANDARD SAVINGS AND LOAN ASSOCIATION, Appellant.

(246 S. E. (2d) 879)

*Whitener, Ketchin & Knight,* and *Nexsen, Pruet, Jacobs & Pollard,* of Columbia, *for appellant Standard Sav. and Loan Ass'n.*

*Joe E. Berry, Jr.,* and *Robinson, McFadden, Moore & Pope,* Columbia, *for appellant First Carolina Sav. and Loan Ass'n.*

*McCants, Nelson, Green & Lafaye,* Columbia, *for appellant Sec. Federal Sav. and Loan Ass'n.*

*John C. Lindsay,* Bennettsville, and *Hammer & Bernstein,* Columbia, *for respondents.*

August 10, 1978.

*Per Curiam:*

This appeal is from the order of the lower court overruling appellant Standard Savings and Loan Association's demurrer to respondent(s) Lucy M. Knowles' complaint. Standard Savings demurred on the ground the complaint did not state facts sufficient to constitute a class action. By agreement of the parties the disposition of this appeal will control the appeals of Security Federal Savings and Loan Association and First Carolina Savings and Loan Associations whose demurrers to separate but identical complaints were also overruled.

On appeal from an order overruling a demurrer this Court's review is limited to the allegations stated in the complaint, which are assumed to be true. *Mea-*

*dors v. South Carolina Medical Association,* 266 S. C. 391, 223 S. E. (2d) 600 (1976). This excludes from our consideration matters properly asserted by way of answer. *Ellett Brothers, Inc. v. Manos,* S. C., 239 S. E. (2d) 75 (1977).

The complaint alleges that plaintiff is a resident and citizen of Richland County; that plaintiff brings this action on behalf of herself and others similarly situated; that defendant is a savings and loan association doing business in South Carolina; that this is a class action under the provisions of Section 15-5-50, 1976 Code of Laws of South Carolina; that the rights of the individual plaintiff and the class involve common questions of law and fact; that the claims of the plaintiff are typical of the claims of the class; that all members of the class have a right to a common remedy; that the members of the class are numerous and it is impracticable to bring them all before the court; and that plaintiff's action will adequately represent all members of the class.

The allegations in this complaint clearly state facts sufficient for the purpose of demurrer to constitute a class action. Thus, the lower court did not err by overruling Standard Savings' demurrer.

Affirmed.