Argued and submitted September 14, 1983, reversed and remanded January 4, 1984

# TOWERHILL CONDOMINIUM ASSOCIATION,
## *Appellant,*

*v.*

# AMERICAN CONDOMINIUM HOMES, INC. et al,
## *Respondents.*

## (A8204-02408; CA A26610)

675 P2d 1051

A. Richard Vial, Portland, argued the cause for appellant. With him on the brief was Gunnar & Associates, P.C., Portland. With him on the reply brief was W. Theodore Guthrie, and Wolf, Guthrie & Rice, Portland.

William E. Tassock, Portland, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Plaintiff, in its representative capacity as an "association of unit owners," ORS 94.004(2), seeks damages for breach of warranty in two counts and negligence for alleged defects in the common elements, ORS 94.004(6), of the Towerhill Condominium. The complaint was dismissed; the trial court held that plaintiff lacks legal capacity to sue, is not the real party in interest and has failed to state ultimate facts sufficient to constitute a claim. ORCP 21A. Judgment was entered for defendants, and plaintiff appeals.

■ The threshold issue is whether plaintiff is the real party in interest.[1] ORCP 26A provides in part:

"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought; and when a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of the state. * * *"

Plaintiff alleged in its complaint: it is an association organized and existing pursuant to ORS 94.146; defendants developed and constructed the Towerhill Condominium, which was submitted to the provisions of the Condominium Law by a recorded dedication, ORS 94.004 *et seq;* defendants entered into sales agreements with others for the purchase of individual condominium units and an undivided interest in common in the general and limited elements of the development; and the sales agreements contained express warranties concerning the general and limited common elements which give rise to the claims for breach of warranty and damages.

---

[1] It appears that defendants' claim that the complaint fails to state ultimate facts sufficient to constitute a claim, ORCP 21A(8), is based on the assertion that plaintiff lacks legal capacity to sue and is not the real party in interest. Plaintiff, organized as a non-profit corporation, ORS 94.146(1), has the capacity to sue. ORS 61.061(2) provides:

"Each corporation shall have power:

"* * * * *

"(2) To sue and be sued, complain and defend, in its corporate name.

"* * * * *"

The agreements also provide that the prevailing party in an action to enforce the agreement is entitled to reasonable attorney fees. The third count of the complaint alleges negligence in the construction of the common elements.[2]

Twenty-eight condominium units were sold before the completion of the construction of the Towerhill Condominium in May, 1979. Plaintiff was incorporated as a nonprofit association in April, 1980. Before plaintiff's creation, but after the execution of the 28 sales contracts, ORS 94.146 (Or Laws 1979, ch 650, § 9) was enacted. It provides in part:

"(1)   An association of unit owners shall be organized to serve as a means through which the unit owners may take action with regard to the administration, management and operation of the condominium. The association shall be organized as a corporation for profit or nonprofit corporation or as an unincorporated association. If the association is incorporated, the name of the association shall include the complete name of the condominium.

"* * * * *

"(4)   Subject to the provisions of the condominium's declaration and bylaws, and whether or not the association is unincorporated, the association may:

"* * * * *

"(d)   Institute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or on behalf of two or more unit owners on matters affecting the condominium; * * *."

Section 30(5) of Chapter 650 makes applicable "[t]he amendments to the Unit Ownership Law by Section[s] 9 * * * of this

---

[2] Defendants supplemented their motion to dismiss with an affidavit and various documents. The trial court made no determination of the existence or nonexistence of the facts contained in the supplemental material supporting the motion. ORCP 21A provides in part:

"If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

We use the supplemental material only to permit a fuller understanding of the arguments on appeal and of the relationship among the parties.

act * * * to property submitted to the Unit Ownership Law prior to the effective date of this Act so long as they are not inconsistent with the provisions of a recorded declaration, bylaws, plat or floor plan for the property."[3]

■ Defendants essentially contend that to allow plaintiff to enforce the agreements would violate federal and state constitutional mandates prohibiting the passage of any law that impairs the obligation of contracts.[4] Defendants first assert that the mutual promises to pay attorney fees are impermissibly altered by allowing plaintiff to bring this action because, should defendants prevail, plaintiff has no assets to satisfy a judgment for attorney fees, and the individual unit purchasers, not being parties to this action, will not be personally liable for the fees. Second, defendants argue that plaintiff may not be subject to certain contractual defenses that may be available to defendants against the individual unit purchasers.[5] Defendants alternatively contend that, even if ORS 94.146(4)(d) confers on plaintiff standing to bring this action, that authority is limited by ORS 94.146(1) to "administrative" actions.

The Oregon Condominium Act was first enacted as the Oregon Unit Ownership Law, Or Laws 1963, ch 541, and has been amended several times since its passage.[6] Before the passage of Or Laws 1979, ch 650, § 9 (ORS 94.146), there was no express provision in the Unit Ownership Law requiring the organization of an association of unit owners. ORS 94.146(1) now mandates that "[a]n association of unit owners shall be organized to serve as a means through which the unit owners may take action with regard to the administration, management and operation of the condominium."

---

[3] Defendants do not contend that any conflict exists with respect to the condominium's declaration or bylaws.

[4] "[N]o state shall * * * pass * * * any law impairing the obligation of contracts * * *." US Const, Art 1, § 10. "[N]o law impairing the obligation of contracts shall ever be passed * * *." Or Const, Art I, § 21.

[5] Plaintiff correctly concedes that, if it has standing to bring this action, it is subject to defenses available to defendant against the individual unit purchasers. 4 Corbin, Contracts, § 892 (1960); Restatement, Contracts §167 (1932).

[6] Or Laws 1969, ch 508; Or Laws 1973, ch 803; Or Laws 1977, ch 484, 658; Or Laws 1979, ch 650; Or Laws 1981, ch 647.

ORS 94.146(4) confers on a condominium association broad powers, subject to the provisions of the declaration and bylaws, *inter alia,* to adopt and amend budgets, hire and fire employes, make contracts and incur liabilities, cause improvements to the condominium's common elements, purchase and dispose of real property, impose charges for the late payments of assessments and exercise "any other power determined by the association to be necessary and proper for the governance and operation of the association." ORS 94.195(1) further empowers an association of unit owners to impose a lien on an individual unit and the undivided interest in the common elements attributable to that unit for the reasonable value of unpaid common expenses. ORS 94.195(2)-(4) and ORS 94.202 govern the procedure for foreclosing liens created in an assocation's favor.[7]

In *Wilkinson v. Carpenter,* 277 Or 557, 561 P2d 607 (1977), the court interpreted the federal constitution's mandate, found in Article I, section 10, which prohibits the passage of any law impairing the obligation of contracts, to be consistent with the similar restriction in Article I, section 21, of the Oregon Constitution. *Wilkinson* involved a motion to set the amount of defendants' homestead exemption in real property that was subject to execution in satisfaction of the plaintiffs' prior judgment against them. The trial court set the amount of the exemption at $12,000. The plaintiffs appealed, claiming that the exemption should be $7,500, as provided by statute as of the date of the judgment, rather than $12,000 as provided by the statute as amended after the judgment. 277 Or at 559.

In rejecting the plaintiff's contract clause arguments, the court adopted a balancing test based on reasonableness:

"Pursuant to this modern, more flexible approach, state legislation which reflects 'the use of reasonable means to safeguard the economic structure upon which the good of all depends,' does not violate the contract clause for 'the reservation of the reasonable exercise of the protective power of the State is read into all contracts.' " *Wilkinson v. Carpenter,*

---

[7] ORS 94.195(5) specifically allows an association, unless the declaration or bylaws provide otherwise, to enforce assessments, fees and penalties imposed pursuant to ORS 94.146(4)(i), (j) and (k), by lien and foreclosure.

*supra*, 277 Or at 564, *quoting, Home Building & Loan Ass'n v. Blaisdell*, 290 US 398, 442, 444, 54 S Ct 231, 78 L Ed 413 (1934).

Although the *Wilkinson* court acknowledged that an increase in the statutory homestead exemption relieved additional assets from execution, thereby impairing the value of existing contracts, it nevertheless concluded that "any indirect contractual impairment which may have occurred as a result of the increased homestead exemption is not unconstitutional since the increase was reasonable, and any impairment would not appear to be substantial when balanced against the governmental objective being pursued." 277 Or at 566.

■■ In the present case, the impairment of defendants' contract, if any, is less significant than that involved in *Wilkinson*. Subject to the condominium's declaration and bylaws, plaintiff is authorized pursuant to ORS 94.146(4)(f), (g) to maintain, repair and improve the condominium's common elements. In order to accomplish that objective, the association is empowered to levy and collect assessments for common expenses from unit owners, ORS 94.146(4)(b). It is axiomatic that the association's authority to maintain the common elements combined with its authority to institute litigation, ORS 94.146(4)(d), and to make contracts and incur liabilities, ORS 94.146(4)(e), includes the authority to incur an obligation for defendants' legal fees, should defendant prevail in this action. Assuming that levy and assessment are necessary, the association has a lien against any unit for unpaid assessments, ORS 94.195(1), which, if necessary, may be foreclosed. ORS 94.195(2), (4); ORS 94.202. It may be necessary for a prevailing party in defendant's position to bring an action to compel plaintiff to levy and collect assessments for its attorney fees and to foreclose its liens. That may indirectly impair the value of defendants' contracts by modifying the remedy available for breach. Nevertheless, that modification does not impair the value of the contracts by destroying any meaningful remedy and therefore does not violate the federal or state constitutions' Impairment of Contract Clauses. *See Wilkinson v. Carpenter, supra*, 277 Or at 566.

We hold that plaintiff is the real party in interest and that it was error to dismiss the complaint.

Reversed and remanded.[8]

---

[8] With respect to the negligence claim, defendant argues that it appears on the face of the complaint that the two year time limitation of ORS 12.110 and ORS 12.135 had expired and that the claim was therefore properly dismissed. Defendant moved to dismiss the negligence claim, however, on the same grounds asserted to dismiss the warranty claims. The trial court dismissed the complaint pursuant to ORCP 21A(4), (6) and (8), not pursuant to ORCP 21A(9). Plaintiff is not precluded from repleading its negligence claim.