## 0463

DOCKSIDE ASSOCIATION, INC., Robert L. Modder and Jo Ann Morros, on Behalf of themselves and all other Dockside homeowners, Respondents, v. DETYENS, SIMMONS AND CARLISLE, William J. Detyens, a/k/a W. J. Detyens; Marjorie Greene Detyens, Harold Simmons, Virgie Crosby Simmons; William A. Carlisle, a/k/a W. A. Carlisle; Ruth Davidson Carlisle; McDevitt & Street, Inc.; Lyles, Bissett, Carlisle & Wolff, Inc.; The Citizens & Southern National Bank of South Carolina; Detyens Shipyards, Inc.; Housing Investment Corporation of Florida; First Federal Savings & Loan Association; Home Federal Savings & Loan Association; and Associated Investments, Inc., Defendants, of whom Appeal of McDEVITT & STREET, INC. and C. E. Maguire, Inc. Successor in Interest to the Defendant, Lyles, Bissett, Carlisle & Wolff, Inc.

(330 S. E. (2d) 537)

Court of Appeals

*Morris D. Rosen,* of *Rosen, Oberman & Rosen;* and *William H. Grimball,* of *Grimball, Cabaniss, Vaughan & Robinson,* Charleston, *for appellants.*

*James L. Bell,* of *Bell & Perry,* Columbia, *for respondents.*

Heard Feb. 25, 1985.

Decided May 13, 1985.

GOOLSBY, Judge:

This appeal is from an order overruling the demurrers of the appellants McDevitt & Street, Inc. and C. E. Maguire, Inc., to the complaint of the respondents Dockside Association, Inc., Robert L. Modder, and Jo Ann Morros. The issues raised by the appellants relate to standing, misjoinder, class actions, and sufficiency of pleadings.

We reverse.

Dockside is a condominium development located in Charleston, South Carolina. It consists of an 18-story tower building and three townhouse buildings. These four buildings contain 142 condominium apartments. The development also contains common elements such as roofs, walls, elevators, balconies and the like.

McDevitt & Street was the prime contractor for the condominium project. Maguire is the successor in interest to Lyles, Bissett, Carlisle & Wolff, Inc., who provided architectural services for the development.

Dockside Association is a nonprofit corporation charged with the duty of managing and maintaining Dockside's common elements. Modder and Morros each own a condominium apartment. They are also, respectively, Vice President and President of Dockside Association.

The complaint alleges nine causes of action. Dockside Association is the plaintiff in the first seven causes of action, and Modder and Morros are the plaintiffs in the last two causes of action. Dockside Association seeks damages on its own behalf and on behalf of Dockside's "individual homeowners" for injuries allegedly sustained by the condominium's common elements, and Modder and Morros seek damages on behalf of themselves individually and all Dockside "homeowners" for injuries sustained by apartment interiors not considered part of the common elements.

The complaint's first cause of action alleges a breach of fiduciary duties; the second, fraudulent representations; the third, breach of express and implied warranties of fitness and habitability; the fourth, conspiracy to conceal latent defects; the fifth, breach of express warranties of workmanship; the sixth, negligent inspection; the seventh, unfair trade practices; the eighth, breach of express and implied warranties of fitness and habitability; and the ninth, unfair trade practices. Neither the fourth nor the fifth cause of action applies to the appellants.

The appellants each demurred on several grounds to all causes of action alleged against them in the complaint. Except as to the ninth cause of action, the circuit court overruled their demurrers.

The appellants first contend that Dockside Association lacks standing to maintain the first, second, third, sixth, and seventh causes of action. We agree.

No justiciable controversy is presented unless the plaintiff has standing to maintain the action. *Flast v. Cohen*, 392 U. S. 83, 88 S. Ct. 1942, 20 L. Ed. (2d) 947 (1968). To have standing, a party must have an interest in the subject matter of the action. *Furman University v. Livingston*, 244 S. C. 200, 136 S. E. (2d) 254 (1964). In South Carolina, a party must also be the "real party in interest." S. C. Code of Laws Section 15-5-70 (1976); *Richbourg's Shoppers Fair, Inc. v. Stone*, 249 S. C. 278, 153 S. E. (2d) 895 (1967); 59 Am. Jur. (2d) *Parties* Section 38 at 394 (1971); *see,* S. C. R. CIV. P. 17(a) and 86. "A real party in interest ... ordinarily is one who has a real, actual, material, or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or

technical interest in, or connection with, the action." 67A
C. J. S. *Parties* Section 18 at 673-74 (1978); 59 Am. Jur. (2d)
*Parties* Section 40 at 397 (1971).

The complaint contains no allegation that Dockside Association owns any property at Dockside, including Dockside's common elements. Although Dockside Association appears to have an interest in the subject matter of the action, particularly as it affects Dockside's common elements, its interest is not the real interest. The real interest belongs to the apartment owners because they alone own the common elements of the property. *Id.* Section 27-31-60.

Because Dockside Association is not the real party in interest, since it apparently owns none of the common elements, and no statute exists in this State expressly authorizing a co-owner's organization to maintain an action in its own name for the benefit of the co-owners of a condominium, Dockside Association lacks standing to sue the appellants. *Deal v. 999 Lakeshore Assn.*, 94 Nev. 301, 579 P. (2d) 775 (1978); *Reibel v. Rolling Green Condominiums A, Inc.*, 311 So. (2d) 156, 72 A. L. R. 3d 310 (Fla. App. 1975); *Friendly Village Community Assn., Inc., No. IV v. Silva & Hill Construction Co.*, 31 Cal. App. (3d) 220, 107 Cal. Rptr., 123, 69 A. L. R. (3d) 1142 (1973); *Hendler v. Rogers House Condominium, Inc.*, 234 So. (2d) 128 (Fla. App. 1970); *see* Annot., 72 A. L. R. (3d) 314 (1976); Annot., 69 A. L. R. (3d) 1148 (1976); *cf. Towerhill Condominium Assn. v. American Condominium Homes, Inc.*, 66 Or. App. 342, 675 P. (2d) 1051 (1984) (where statute gave a condominium association standing to sue); *accord, Starfish Condominium Assn. v. Yorkridge Service Corp.*, 295 Md. 693, 458 A. (2d) 805 (1983); *Brickyard Homeowners' Assn. Management Committee v. Gibbons Realty*, 668 P. (2d) 535 (Utah 1983); *Imperial Towers Condominium, Inc. v. Brown*, 338 So. (2d) 1081 (Fla. App. 1976), *appeal dismissed*, 354 So. (2d) 978 (1977); *Wittington Condominium Apartments, Inc. v. Braemar Corp.*, 313 So. (2d) 463 (Fla. App. 1975), *cert. denied*, 327 So. (2d) 31 (Fla. 1976); *Del Mar Beach Club Owners Assn., Inc. v. Imperial Contracting Co., Inc.*, 123 Cal. App. (3d) 898, 176 Cal. Rptr. 886, 25 A. L. R. (4th) 336 (1981) (where ownership interest provided owners association standing to sue); *Residents of Beverly Glen, Inc. v. City of Los Angeles*, 34 Cal. App. (3d)

117, 109 Cal. Rptr. 724 (1973) (where subject matter involved matter of public interest, nonprofit corporation, whose members consisted of area residents, had standing to sue municipality, city council, planning commission, and private corporation); *but see 1000 Grandview Assn., Inc. v. Mt. Washington Associates,* 290 Pa. Super. 365, 434 A. (2d) 796 (1981) (where federal principles regarding an association's standing to sue enunciated in *Warth v. Seldin,* 422 U. S. 490, 95 S. Ct. 2197, 45 L. Ed. (2d) 343 (1975), a case involving an action against a town and zoning board, employed as basis for holding condominiums association possessed standing to sue developers).

We are aware of *Roundtree Villas Assn., Inc. v. 4701 Kings Corp.,* 282 S. C. 415, 321 S. E. (2d) 46 (1984), in which our Supreme Court held that a condominium association had standing to maintain a cause of action relating to the condominium's common elements but did not have standing to maintain an action relating to condominium property not encompassed in the term "common elements." *See* S. C. Code of Laws Section 27-31-20(f) (1976) (Cum. Supp. 1984). In *Roundtree,* however, the association "own[ed] the common elements." 321 S. E. (2d) at 49. Here, the common elements, as we infer from the complaint, are owned by the apartment owners and not the condominium association. The case, then, supports the appellants and not Dockside Association.

The appellants next contend that the circuit court erred in overruling their demurrers to all causes of action on the ground the complaint improperly united the several causes of action brought by Dockside Association, Modder, and Morros.

In South Carolina, as in many other jurisdictions, several causes of action may be united in the same complaint when they all arise out of the same transaction or transactions connected with the same subject of the action; however, the causes of action so united must affect all the parties. S. C. Code of Laws Section 15-15-10 (1976); *Sons v. Federal Land Bank of Columbia,* 170, S. C. 548, 171 S. E. 35 (1933); *Ryder v. Jefferson Hotel Co.* 121 S. C. 72, 113 S. E. 474, 25 A. L. R. 739 (1922); 1 C. J. S. *Actions* Section 96 at 1270 (1936); *see* S. C. R. CIV. P. 18(a) and 86. If the causes of action are distinct and separate, they cannot be

joined even though they may arise out of the same transaction or relate to the same subject matter. *Hair v. Carolina Portland Cement Co.*, 138 S. C. 472, 136 S. E. 743 (1927); 1 Am. Jur. (2d) *Actions* Section 123 at 644 (1962).

The complaint in the instant case unites the seven causes of action brought by Dockside Association with the two causes of action brought by Modder and Morros. As we noted, Dockside Association bases its claims on the damages allegedly sustained by the condominium's common elements. Modder and Morros, on the other hand, base their respective claims on the damages allegedly sustained by areas in their individual apartments not included within the condominium's common elements. The complaint contains no allegation that Dockside Association owns a portion of either Modder's apartment or Morros's apartment, that Modder owns a portion of Morros's apartment, or that Morros owns a portion of Modder's apartment. By statute, however, both Modder and Morros have a right to share in Dockside's common elements with the other co-owners of the condominium. *See* S. C. Code of Laws Section 27-31-60 (1976).

Although Dockside Association, Modder, and Morros may have an interest in the common point of litigation, neither Modder's nor Morros's causes of action affect either Dockside Association or each other. Their respective claims are not joint; rather, they are plainly separate and distinct. *Cf. Ayers v. Columbia Newspapers, Inc.*, 267 S. C. 103, 226 S. E. (2d) 252 (1976) (defending newspaper's demurrer to libel action held properly sustained on ground that several causes of action were improperly united in a single complaint brought by 40 guards and employees of county detention); *Sons v. Federal Land Bank of Columbia, supra* (desecration of cemetery by a single act held to give rise to separate causes of action brought by six plaintiffs wherein each sought damages for the desecration of a relative's grave); *Hellams v. Switzer*, 24 S. C. 39 (1885) (several plaintiffs, having no interest in common and owning different tracts of land, could not unite in one joint action to recover damages for injuries to their lands caused by a dam since injuries were separate and distinct).

The circuit court erred, therefore, in overruling the appellants' demurrers to all causes of action on the

ground the complaint improperly united causes of action. The claims of Modder and Morros should not have been joined with each other and with the purported claims of Dockside Association.

The appellants also contend that the circuit court erred in overruling their demurrers to the eighth cause of action in which Modder and Morros alleged an action for damages on behalf of themselves and all other owners of condominium apartments at Dockside. Their demurrer questioned the legal capacity of Modder and Morros to sue on behalf of all other Dockside owners.

Under present practice, a defendant must challenge only by demurrer a plaintiff's capacity to sue where the plaintiff's incapacity to sue appears upon the face of the complaint. *Bramlett v. Young*, 229 S. C. 519, 93 S. E. (2d) 873 (1956); S. C. Code of Laws Section 15-13-320(2) (1976); *see* S. C. R. CIV. P. 7(c), 9(a), and 86. Want of capacity to sue has reference to any legal disability that operates to deprive a party of the right to come into court. 59 Am. Jur. (2d) *Parties* Section 31 at 386 (1971). Here, the appellants argue that Modder and Morros have no capacity to sue as representatives of an alleged class of condominium apartment owners because there is no unity of interest binding the parties the plaintiffs purport to represent.

In South Carolina, a representative action under the present rule is maintainable when the question in the cause is one of common or general interest to many persons or when the parties are very numerous and it may be impracticable to bring them all before the court. S. C. Code of Laws Section 15-5-50 (1976); *see* S. C. R. CIV. P. 23(a) and 86. In either case, the parties represented must be "united in interest" [*Whitaker v. Manson*, 84 S. C. 29, 65 S. E. 953 (1909) ] or have "some bond of connection which unites them all with the question at issue in the action." *Faber v. Faber*, 76 S. C. 156 at 162, 56 S. E. 677 at 679 (1907); *see* H. Lightsey, *South Carolina Code Pleading* at 141-42 (1976); *see* 67A C. J. S. *Parties* Section 25a at 698 (1978). The test to be applied in determining whether the action may be maintained as a class action is:

"to suppose an ... action in which all the numerous persons were actually made plaintiffs or defendants[.]

> [I]f it could be maintained in that form, then one might sue or be sued on behalf of the others; but, if such an actual joinder would be improper, then the suit by or against one as a representative would be improper, notwithstanding the permission contained in ... the statute."

*Faber v. Faber, supra,* 76 S. C. at 162, 56 S. E. at 679, quoting J. Pomeroy, *Code Remedies* Section 392 (4th ed. 1900); *see Long v. Seabrook,* 260 S. C. 562, 197 S. E. (2d) 659 (1973); *cf. Knowles v. Standard Savings & Loan Assn.,* 271 S. C. 217, 246 S. E. (2d) 879 (1978) (class action permitted where complaint alleged, among other things, the action involved common questions of fact and law and all members of the class had a right to a common remedy).

When this test is applied to the allegations of the complaint in this case, it is clear that a representative action cannot be maintained. *Long v. Seabrook, supra;* 67A C. J. S. *Parties* Section 24 at 694 (1978). We have already observed that the claims of Modder and Morros are separate and distinct. The claims of the members of the alleged class would be no less so.

The circuit court, therefore, erred in overruling appellants' demurrers to the eighth cause of action.

We do not address the appellants' contention that the circuit court committed error in overruling their demurrers questioning the sufficiency of the first and seventh causes of action. Both causes of action were asserted only by Dockside Association and we have held herein that Dockside Association lacked standing to maintain them.

For the foregoing reasons, the judgment appealed from is

Reversed.

BELL and CURETON, JJ., concur.