## ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff and Respondent, v. BRUCE THOMPSON, Defendant and Appellant.

No. 11560.
Submitted Feb. 11, 1969.
Decided March 4, 1969.
451 P.2d 98.

Lyman H. Bennett, Jr., (argued), Bozeman, for defendant and appellant.

Berg, O'Connell & Angel, Charles F. Angel (argued), Morrow & Nash and Edmund P. Sedivy, Jr., Bozeman, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered August 12, 1968, in the district court of the Eighteenth Judicial District, in and for the county of Gallatin, in favor of the plaintiff-respondent St. Paul Fire & Marine Insurance Company (hereinafter called St. Paul) against the defendant-appellant Bruce Thompson, in the amount of $57,240.61 and from the order of said district court made on September 4, 1968, denying motion of defendant-appellant to amend the findings of fact and conclusions of law rendered by the trial court.

The original action was brought by St. Paul against Thompson for the sum of $57,240.61, paid by the plaintiff pursuant to judgment rendered in the district court on June 6, 1963, in an action brought by John Edward Welch against Thompson and Haggerty-Messmer Company, in which judgment was rendered in the amount of $61,500 and costs, which judgment was appealed by the defendants therein to the Supreme Court and affirmed. See Welch v. Thompson, 145 Mont. 69, 399 P.2d 748. Payment was alleged by the plaintiff in this action to have been made on or about March 31, 1965, in behalf of Haggerty-Messmer Company toward payment of said judgment in addition to $11,204.64 paid by State Farm Mutual Automobile Insurance Company (hereinafter called State Farm) in behalf of Bruce Thompson.

398

The defendant who was the only original defendant in the action brought by St. Paul filed a third-party complaint against State Farm which resulted on March 30, 1967 in a summary judgment in favor of defendant Thompson and against State Farm for attorney fees for the defense of defendant and appellant in this suit.

An appeal was taken to this Court by State Farm from said summary judgment; the judgment was affirmed by this Court St. Paul Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 433 P.2d 795.

This action thereafter was defended by Thompson and the entire cause was submitted to the district court by stipulation and agreed statement of facts, dated April 9, 1968.

It was stipulated by the parties:

The plaintiff, St. Paul, was the insurer for Haggerty-Messmer Company on September 27, 1961 and State Farm was the insurer for Thompson on said date by a policy insuring Thompson against claims for bodily injury in the sum of $10,000.

Defendant Thompson was employed by Haggerty-Messmer Company on September 27, 1961, the date on which an automobile accident occurred in Gallatin County, Montana, between a vehicle owned and driven by Thompson and a vehicle driven by Welch, as a result of which Welch sustained certain personal injuries.

On January 21, 1963, Welch brought action in the district court to recover for bodily injury sustained in said accident, in which action Haggerty-Messmer Company and Thompson were named as parties defendant upon the grounds that Thompson was employed by and acting within the course and scope of his employment by Haggerty-Messmer Company at the time of the accident.

St. Paul retained counsel to represent Haggerty-Messmer Company in connection with the action brought by Welch, and State Farm retained counsel to represent Thompson in that action.

On May 28, 1963, St. Paul tendered the defense of Haggerty-Messmer Company to State Farm but such tender was not accepted.

At all times during the trial of the original action brought by Welch, the defense was asserted on behalf of Haggerty-Messmer Company that Thompson was not acting within the course and scope of his employment at the time and place set forth in the amended complaint filed by Welch.

At no time prior to the trial of the action brought by Welch, nor during the trial, did Haggerty-Messmer Company ever file a cross-claim against Thompson, seeking judicial determination of the rights as between Haggerty-Messmer Company and Thompson as a result of the accident involving Welch.

It was further stipulated between the parties that the district court should take judicial notice of all of the pleadings on file in Cause No. 15265, the cause wherein Welch was plaintiff and Thompson and Haggerty-Messmer Company were defendants, and in Cause No. 16931, which is the present action, and that said files were to be considered as part of the agreed statement of facts.

The district court made findings of fact which did not include in detail all of the foregoing stipulated facts; but as we view the case the same results occur so we have recited all the details that the appellant Thompson desires thus obviating the need to discuss any issue as to the findings of fact.

The trial court held simply that the right of indemnity accrued on March 31, 1965, and was not barred by waiver, collateral estoppel, or statutes of limitation. Further that Haggerty-Messmer Company was only liable by reason of the fact of Thompson's employment.

The appellant asserts as issues other than the issue on the findings of fact referred to above, that:

A. Under Rule 13(g), M.R.Civ.P. did the failure to file a cross-claim by Haggerty-Messmer Company against Thompson result in a waiver or estoppel?

B. Were statutes of limitation a defense?

As to question A. above, the appellant asserts two arguments, one on waiver and one on collateral estoppel which we consider together.

Rule 13(g), M.R.Civ.P. provides:

"A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is, or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis supplied)

Appellant's argument is that the right of indemnity set forth in the complaint was lost because a cross-claim was not filed in the action by Welch against Haggerty-Messmer Company and Thompson. Appellant argues that when Haggerty-Messmer Company tendered the defense to Thompson, Thompson declined, and the Haggerty-Messmer Company defended on the ground that Thompson was not in the course and scope of his employment; that such actions were a waiver of the right of indemnity; or in the same vein that the employer was collaterally estopped from later asserting a right of indemnity.

Rule 13(g) clearly states the right to assert a cross-claim is permissive in using the permissive word "may". In 1A Barron & Holtzoff—Federal Practice and Procedure, § 397 on Rule 13, it is said:

"Cross-claims, however, are not compulsory; it is discretionary with the party whether to assert his claim as a cross-claim or to reserve it for later independent litigation."

Citing American Sur. Co. of New York v. Fazel, D.C.Iowa 1956, 20 F.R.D. 110, Barron and Holtzoff discusses the distinction between counterclaims and cross-claims and much of the

case discussion of waiver and estoppel has to do with "compulsory" counterclaims.

Moore's Federal Practice discusses cross-claims under Rule 13(g) in part as follows at pages 91 and 92 of Vol. 3:

"The subdivision, though reading much like subdivision (a) concerning compulsory counterclaim, is *permissive;* the claim may, but need not, be pleaded." (Emphasis supplied.)

Appellant urges though that such a right may be waived, citing section 49-105, R.C.M.1947. It is said in 56 Am.Jur., Waiver, § 15: "A prerequisite ingredient of the waiver of a right or privilege consists of an intention to relinquish it." Cited in support is, In re Estate of Nix, 66 Mont. 559, 213 P. 1089.

Even though Haggerty-Messmer Company knew of their right to indemnity, they obviously had no intention to waive the right. If, indeed, Thompson was not negligent as his answer asserted, the employer had no right.

It seems that all of the argument on waiver and collateral estoppel stems from this Court's opinion in St. Paul Fire & Marine Ins. Co. v. Thompson, supra, between the same parties where we observed: "Now then, we observe as did appellant's brief, the exact issue could have been brought to issue in the first trial as Haggerty-Messmer Company was a party to that action and did nothing then about attempting to assert a cross-claim as against Bruce Thompson, although that right was available. (See M.R.Civ. P., Rule 13(g) ). Of course, again as an observation, Haggerty-Messmer's position in the first trial was that Thompson was not in the course of employment at the time of the accident. Thus, to have asserted the claim of indemnity would have been somewhat inconsistent at that time. Now, however, since the judgment then was against both Thompson and Haggerty-Messmer, the subrogee seeks indemnity."

The context of the quotation from our previous opinion shows it to be an observation only; and as counsel well knows any issue

concerning when the cause of action arose was expressly abandoned in that case. We shall not discuss the matter further.

The next issue, question B., is as to the statutes of limitation. Basically, appellant asserts the date of the accident as the date the statutes begin; respondent asserts either the date of the judgment or the date of payment of the judgment. To review the dates, the accident was September 27, 1961. Action was filed January 21, 1963. The judgment was entered June 6, 1963 and affirmed March 3, 1965. Payment was made March 31, 1965. The instant action seeking indemnity was commenced March 3, 1966.

Appellant argues that Haggerty-Messmer's right to indemnity accrued at the time of the accident seemingly arguing that Haggerty-Messmer's right is one of subrogation from plaintiff Welch's action. Not so. The right of indemnity only arises in this case from the doctrine of respondeat superior. The principles involved are well stated by the California decision of Bradley v. Rosenthal, 154 Cal. 420, 97 P. 875 (1908) where it was said: "Appellant argues that the evidence establishes without conflict that if it be responsible at all, it is responsible solely because of the relationship of principal and agent found to exist between itself and the codefendant Rosenthal; that not one word of evidence tends to establish any direct personal participation, personal knowledge, or personal culpability upon its part, or that its employe was in any way carrying out its express instructions in the particular matter, for the doing of employer is liable only because of the rule of law which holds him responsible, as well for the undirected, as for the directed, act of the agent within the scope of his employment; that in such kind of cases where there have been no express instructions for the doing of the acts complained of in the particular way, the principal and agent, master and servant, are not joint tort-feasors as the law employs that term. The employe's responsibility is primary. He is responsible because he ommitted the wrongful or negligent act. The employer's responsibility

is secondary, in the sense that he has committed no moral wrong, but under the law is held accountable for his agent's conduct. While both may be sued in a single action, a verdict exonerating the agent, must necessarily exonerate the principal, since the verdict exonerating the agent is a declaration that he has committed no wrong, and the principal cannot be responsible for the agent if the agent has ommitted no tort. While no right of contribution exists between joint tort-feasors, whether sued separately or collectively, there exists, in the kind of case here presented, much more than the mere right of contribution. *The principal who has been obliged thus to pay for the unauthorized neglegent act of his agent resulting in injury may indemnify himself to the full amount against his agent.* These legal propositions, it will be seen, receive universal recognition." (Emphasis supplied). See also 42 C.J.S. Indemnity § 21, p. 596, 597; 35 Am.Jur., Master and Servant § 101; 110 A.L.R. 831.

It follows that the right of indemnity does not arise until the obligation arises; or, put another way, until the employee has not been exonerated. It also follows that the absolute right does not arise until payment has been made. This is because, if the employee Thompson paid the judgment, the employer Haggerty-Messmer Company never did have a right to be indemnified.

The only case authority cited, and the only authority we have found is Gaffner v. Johnson, 39 Wash. 437, 81 P. 859 (1905). In that case it was said:

"Appellant next contends that the action is barred because it was not commenced against him until more than three years after the date of the collision. The record shows that a judgment was obtained against the respondent by the owners of the Pilgrim in June, 1901; that in December, 1902, respondent brought this action against the appellant. *No cause of action accrued to the master as against the servant until the master was compelled to pay the party injured by the act of the servant.* 20 Am. & Eng.-Enc. of Law, 51-2. The master thereafter had

two years within which to bring the action. Section 4805, 2 Ballinger's Ann.Codes & St. The action was well within that time." (Emphasis supplied)

We conclude that St. Paul's right to indemnity accrued when payment was made and the district court was correct.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, BONNER and JOHN CONWAY HARRISON, concur.