No. 13667

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

WILLIAM HENRY WHITTAKER and
LaVERNA WHITTAKER, husband and wife,

Plaintiffs and Respondents,

-vs-

ALEXANDER SCHREINER and DANNIE
SUE SCHREINER, husband and wife,

Defendants and Appellants.

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellants:

A. Evon Anderson argued, Fort Benton, Montana

For Respondents:

Cameron Ferguson argued, Great Falls, Montana

Submitted: September 13, 1977

Decided: OCT 19 1977

Filed: OCT 19 1977

Thomas J. Kearney
Clerk

Honorable Leonard H. Langen, District Judge, sitting in place of Mr. Chief Justice Paul G. Hatfield, delivered the opinion of the Court.

This is an appeal from a judgment entered in favor of Whittakers (plaintiffs and respondents) and against Schreiners (defendants and appellants) by the eighth judicial district court, Cascade County. The lawsuit between the parties arose out of a contract for sale of land, Whittakers claiming damages for breach of contract and for unjust enrichment of Schreiners at the expense of Whittakers.

On September 28, 1964, Schreiners mortgaged two separate tracts of real property located in Cascade County with the Small Business Administration/for $12,000, one tract known as the Big Sky Vista property and the other property located near Vaughn and hereinafter referred to as the Vaughn property.

On September 30, 1965, Schreiners and Whittakers entered into a contract for deed whereby Schreiners agreed to convey the Vaughn property to Whittakers by warranty deed upon payment of the purchase price of $3,300 by way of monthly installment payments of $50 each with interest at 3% per annum.

The case was tried to the court without a jury. In its findings of fact the trial court found: that under the contract for sale Schreiners were required to apply Whittakers' monthly installment payments on the monthly mortgage payments which Schreiners were required to make to the Small Business Administration; that upon paying up the contract in full, Schreiners were required to convey title to the Vaughn property free and clear of the Small Business Administration mortgage.

However, by September, 1969, Schreiners had become delinquent in their mortgage payments and in December, 1969, the Whittakers learned the United States of America had filed a mortgage foreclosure action on behalf of the Small Business Administration in the United States District Court. In said action,

both Whittakers and Schreiners were named parties defendant.

At this time Whittakers discontinued their monthly installment purchase payments, which up to this date had totaled $2,500.

On May 5, 1971, the Federal District Court entered judgment of foreclosure and decreed deficiency judgment against Schreiners for any deficiency following execution sale of the mortgaged properties which included the Big Sky Vista property plus the Vaughn property which had been sold to Whittakers.

Pursuant to the federal forclosure decree the Big Sky Vista property was sold at execution sale for $6,000, leaving a deficiency judgment against Schreiners in the amount of $5,811.14.

Between September 30, 1965, which was the date of the sale of the Vaughn property to Whittakers, and December 1969, when the Small Business Administration mortgage foreclosure action was instituted, Whittakers had made substantial and costly improvements to the Vaughn property. In order to prevent execution sale of said Vaughn property, Whittakers purchased it from the Small Business Administration for $5,465.71 and executed a mortgage to the Small Business Administration in this amount at 8% interest.

On October 6, 1971, the Small Business Administration filed satisfaction of judgment in the Federal District Court action, thus discharging Schreiners in full so far as the Small Business Administration obligation was concerned.

For the sake of argument it may be conceded that under F.R.Civ.P. 13(g), Whittakers could have filed a cross-claim against Schreiners in the federal forclosure action, but for some reason not disclosed, this was not done. Instead Whittakers subsequently filed this action in the eighth judicial district court for Cascade County and after trial the district court entered judgment in favor of Whittakers and against Schreiners in the sum of $6,197.16,

and Schreiners were ordered to convey the Vaughn property to Whittakers by quitclaim deed.

It is from this judgment that Schreiners appeal. In their brief they state:

> "The issue is whether the rights of the WHITTAKERS to performance of the contract should have been litigated in the Federal foreclosure action, thus making this action res judicata."

Rule 13(g), F.R.Civ.P. is identical to Rule 13(g), M.R.Civ.P. and reads:

> "Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

The Schreiners would have us change the word "may" appearing in 13(g) to "must". In their brief they state:

> "While the applicable Montana Rule, MRCP, Rule 13g, regarding 'cross-claim against co-party' is couched in the 'may' term, it is apparent that the framers of that rule did not contemplate the situation presented by the instant case. * * *"

Later in their brief appellants argue:

> "To the well established rule that the doctrine of res judicata applies not only to those matters that were previously litigated but to those that 'could have been litigated' or 'might have been litigated', it now appears that we must add the phrase 'Should have been litigated'."

This Court cannot adopt the argument of appellants.

Insofar as Rule 13(g) is concerned we agree with the statement of 6 Wright & Miller, Federal Practice and Procedure: Cross-claims, pp. 164, 165, where it is stated:

> "Several important distinctions between cross-claims and counterclaims should be kept in mind other than the obvious difference in the alignment of the parties. Rule 13(g), unlike Rule 13(a), always is permissive. A party who decides not to bring his claim under Rule 13(g) will not be barred by res

judicata, waiver, or estoppel from asserting it
in a later action, as he would if the claim were
a compulsory counterclaim under Rule 13(a). * * *"

See St. Paul Fire Ins. Co. v. Thompson, 152 Mont. 396, 451 P.2d 98 (1969), where we held that cross-claims were not compulsory and that under Rule 13(g), M.R.Civ.P. it is discretionary with the party whether to assert his claim as a cross-claim or to reserve it for later independent litigation.

In accord is Temperance Insurance Exchange v. Carver, 365 P.2d 824, 83 Idaho 487 (1961).

The judgment of the district court is affirmed.

_____
Hon. Leonard Langen, District Judge,
sitting in place of Mr. Justice Paul
G. Hatfield.

We concur:

_____

_____

_____

_____
Justices

- 5 -