No. 13750

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

GAMBLES, a corporation,

        Plaintiff and Appellant,

-vs-

JOHN M. PERDUE,

        Defendant and Respondent.

---

Appeal from:  District Court of Eighteenth Judicial District,
             Hon. W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

    Landoe, Gary & Planalp, Bozeman, Montana

    For Respondent:

    William E. Gilbert, Bozeman, Montana

    Submitted on Appellant's brief

---

Submitted:  September 6, 1977

Decided: DEC 28 1977

Filed: DEC 28 1977

_____ /Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

A retail store sued a purchaser to recover an indebtedness under two written installment contracts covering the purchase and installation of carpeting in the purchaser's residence. After execution of the contracts and installation of the carpeting, the purchaser's wife secured a divorce, was awarded the residence wherein the carpeting was installed, and was made solely responsible for all indebtedness on the property. Following a nonjury trial, the district court, Gallatin County, denied relief to the retail store, entering judgment for the purchaser on the grounds that all proper parties were not before the court. The retail store appeals.

This appeal is prosecuted on the basis of an agreed statement of the case in lieu of the usual record on appeal. The agreed facts disclose that on March 1, 1974 and again on November 24, 1974, John Perdue, defendant, entered into separate retail installment contracts with Gambles, the plaintiff, covering the purchase and installation of carpeting in his residence. At the time these contracts were executed defendant was married to Anna Perdue.

On February 1, 1976, defendant owed plaintiff a balance of $309.56 under the contracts, exclusive of attorney fees and costs provided for therein.

On February 10, 1976, defendant and his wife were divorced. Under the terms of the decree, Anna was awarded the marital residence in which the carpeting had been installed "subject to the indebtedness owing".

On October 12, 1976, plaintiff sued defendant for the balance owing on the installment contracts in the justice court of Gallatin County. Following trial, plaintiff's complaint was dismissed.

Thereafter plaintiff appealed to the district court, Gallatin County. Plaintiff filed an amended complaint seeking recovery of

the balance owing on the contracts, finance charges, attorney fees and costs. Defendant's answer was a general denial and an affirmative defense that he was not responsible for the contractual debt because the property in the contracts had been awarded to Anna in the divorce decree.

On January 3, 1977 the district court heard the case without a jury. Plaintiff and defendant stipulated that there was no dispute as to the signing of the contracts nor to the facts of the divorce decree.

On January 12, 1977 the district court entered findings of fact, conclusions of law and judgment to the effect that plaintiff take nothing by its complaint and judgment be awarded to defendant as all proper parties were not before the court. Plaintiff now appeals from this judgment.

The parties by written stipulation have submitted this appeal for decision without oral argument on the basis of appellant's brief, the agreed statement of fact, and the district court file.

The sole issue on appeal as stated by appellant is whether all of the proper parties were before the district court.

Plaintiff's argument before the district court was that plaintiff and defendant were the only contracting parties and no privity of contract existed between plaintiff and any other parties; that the divorce decree could not affect plaintiff's property rights because plaintiff was not a party to the divorce proceedings; and the contracts contained a nontransferability clause.

Defendants argument to the district court was that the divorce court had the equitable power to transfer defendant's property to Anna; that the indebtedness on the residence including the carpeting contracts were transferred to Anna; and therefore plaintiff's remedy was against Anna, and not against defendant.

In this case Gambles sued John Perdue for an indebtedness he assumed by written contract. Gambles sought a personal judgment against him for this indebtedness. The only contracting

parties were Gambles and John Perdue. The general rule applicable here is that the obligation of the contracts is limited to the contracting parties:

> "As a general thing, the obligation of contracts is limited to the parties making them, and, ordinarily, only those who are parties to contracts are liable for their breach. Parties to a contract cannot thereby impose any liability on one who, under its terms, is a stranger to the contract, and, in any event, in order to bind a third person contractually, an expression of assent by such person is necessary." 17 Am Jur 2d, Contracts, § 294.

Again, in Thompson v. Lincoln Ins. Co. (1943), 114 Mont. 521, 530, 138 P.2d 951, where decedent's administrators sued the assignee of an executory contract, this Court stated:

> " * * * It is elementary law that a contract binds no one but the contracting parties. * * *" Also see: Hyink v. Low Line Irrigation Co. (1922), 62 Mont. 401, 205 P. 236.

It is axiomatic that the contracting obligee cannot be deprived of recourse against the contracting obligor by a substitution of debtors without the former's consent. Thus John Perdue remained liable to Gambles for the indebtedness under the installment contracts notwithstanding the provisions of the divorce decree.

We hold that all proper parties were before the district court. Anna was not a proper party because she was not a party to the installment contracts. Gambles sought no relief against Anna nor any relief involving repossession of the carpeting, only a personal judgment for the contractual indebtedness against John. John did not file a third party complaint against Anna to determine the respective obligations between themselves. Under such circumstances Gambles cannot be deprived of its remedy against John by reason of a collateral occurrence to which it was not a party. The transfer of the indebtedness from John to Anna in the divorce decree bound only the parties to it, John and Anna; just as the contractual indebtedness of John to Gambles bound only the parties to the contract, John and Gambles.

- 4 -

The findings of fact, conclusions of law and judgment of the district court are vacated. The case is remanded to the district court with directions to determine the amount of John Perdue's obligation to Gambles under the terms of the installment contract and to enter findings of fact, conclusions of law and judgment in favor of Gambles accordingly.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -