MR. CHIEF JUSTICE HASWELL,
specially concurring:
I concur with the foregoing opinion on all issues excepting the issue concerning the statute of limitations. I concur in the result of that issue but not in its rationale.
My quarrel is with the application of the four-year statute of limitations on sales in the Uniform Commercial Code, section 30-2-725, MCA. In my view the applicable statute of limitations is the five-year statute of limitations on implied contracts.
This case is an action for indemnity based on breach of an express written warranty. An action for common-law indemnity is based on a theory of implied contract or quasi contract, and thus is very generally held to be governed by the statute of limitations applicable to actions on implied contracts. Annot., Limitation applicable to Indemnity Action, 57 A.L.R.3d 833, 838, and copious case authority cited therein from numerous jurisdictions. An action on an implied contract of indemnity is wholly independent as a cause of action from the transaction or situation which gives rise to the right of indemnity. Annot., Limitation Applicable to Indemnity Action, supra, at 839-840; Rieger et al. v. Frankstram Realties, Inc. (1946), 57 A.D. 411, 68 N.Y.S.2d 243.
This distinction is illustrated and explained in a federal case similar to the one involved here. Stephenson v. Duriron (D.C.Ohio 1968), 292 F.Supp. 66, aff'd., (6th Cir. 1970), 428 F.2d 387, cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 247. In that case plaintiffs were injured and their property was damaged due to gas seepage and a resulting explosion caused by a fracture in a metal valve in *37 the gas distribution system of a utility. The defective valve had been purchased by the utility from a supplier who warranted the valve to conform to certain specifications based on the same warranty given to it by the manufacturer of the valve. The supplier assigned its right of indemnification against the manufacturer to the plaintiffs. In an action in an Alaska state court, plaintiffs recovered judgment against the supplier who was held to be only secondarily liable with primary liability on the manufacturer. Plaintiffs then brought an action in federal court in Ohio to enforce the Alaska judgment against the supplier and also sought judgment against the manufacturer as assignee of the supplier’s right of indemnity against the manufacturer. The federal court applied the Ohio statute of limitations on oral contracts to the indemnity action rejecting the contention of the manufacturer that the action was barred by the statute of limitations governing actions for personal injuries and property damage. The court reasoned that plaintiffs were not seeking recovery for their personal injuries and property damage against the manufacturer, but on the contrary were seeking to enforce the implied contract for indemnification in favor of the supplier against the manufacturer that plaintiffs held by virtue of the assignment.
The rationale of the majority in the instant case is bottomed on the proposition that the warranty given by Joy to Iowa is limited in time and that to hold otherwise would allow Iowa to destroy the protection afforded to Joy by the statute of limitations applicable to warranties. This contention is specious under the facts of this case. The warrantor can protect itself by inserting a time limitation in the warranty. But where, as here, the warrantor gives an express written warranty without a time limitation, the warrantor is bound by it. The express written warranty given by Joy to Iowa is set forth verbatim as follows:
“Western Precipitation Division of Joy Manufacturing Company guarantees not to exceed the outlet dust loading when the equipment is operated in accordance with the de *38 sign conditions as specified below:
“I. SOURCE OF DUST.............Rock Dryer
“II. TYPE OF PRECLEANER ..........9VGR
Multiclone
“III. SCRUBBER INLET CONDITIONS
“A. Estimated Dust Loading — gr/acf ............................. 6 to 10
“B. Volume — acfm....................... 40,000
“C. Temp. °F.............................. 300
“D. Moisture Content % by Wt............. 27.2
“IV. WATER RATE — GPM............. 53 to 76
“V. SCRUBBER PRESSURE DROP— “VWC@ Oper. Cond................ 6
“VI. SCRUBBER OUTLET CONDITIONS
“A. Volume — adfm ...................... 35,200
“B. Temp. — °F............................. 170
“C. Moisture Content — Saturated
“D. Dust Loading 0.25 gr/scf dry”
The right of indemnity accrued here when payment was made by Iowa to the Gilman Excavating Company under the terms of the compromise settlement. St. Paul Fire & Marine Insurance Co. v. Thompson (1969), 152 Mont. 396, 451 P.2d 98. Approximately one week prior to trial, Iowa settled the underlying Gilman action for $50,000 and the trial proceeded on the third-party complaint for indemnity by Iowa against Joy. The statute of limitations for an implied or quasi contract in Montana is five years. Section 27-2-202(2), MCA. Accordingly, Iowa’s action for indemnity is not barred.
The result is the same in this case whether this Court applies the four-year statute of limitation on sales under the Uniform Commercial Code or the five-year statute on implied contracts of indemnity. However, considerable mischief can result in future cases from the holding of the majority. Since the right of indemnity does not accrue until payment is made or judgment secured in the underlying ac *39 tion, that right may be rendered meaningless and illusory to the indemnitee in some situations. For example, the statute of limitations in the underlying action may well have run before the right of indemnity accrues to the indemnitee. If the statute of limitations in the underlying action is applied to the indemnity action, the indemnitee’s remedy may be barred before his claim for relief accrues unless he has filed a permissive but not mandatory-third party complaint prior to accrual of his substantive right of indemnity. St. Paul Fire & Marine Insurance Co. v. Thompson, supra, where the indemnity action was not filed until approximately one year after final judgment in the underlying action was entered, is an example of a situation where the right of indemnity would be barred if the statute of limitations in the underlying action were applied. Hence, this special concurring opinion.
MR. JUSTICE GULBRANDSON concurs in the foregoing opinion of MR. CHIEF JUSTICE HASWELL.