No. 87-213

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA, ex rel.,
BOYNE USA, INC.,

             Relator,

     -vs-

THE DISTRICT COURT OF THE FIFTH
JUDICIAL DISTRICT OF THE STATE
OF MONTANA, in and for the COUNTY
OF MADISON, and THE HON. JUDGE
THEREOF, FRANK M. DAVIS,

             Respondents.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

     For Relator:

          Worden, Thane & Haines; Patrick G. Frank, Missoula,
          Montana

     For Respondent:

          Wellcome, Frost & Bartlett; Page Wellcome, Bozeman,
          Montana
          Schulz, Davis & Warren; John S. Warren, Dillon, Montana
          Keller, Reynolds, Drake, Sternhagen & Johnson; Thomas
          Q. Johnson, Helena, Montana
          Boone, Karlberg & Haddon; Sam E. Haddon, Missoula
          Montana

Submitted:   August 18, 1987
Decided:     September 10, 1987

Filed:   SEP 10 1987

_Ethel M. Harrison_
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Boyne USA, Inc. (Boyne), has filed its application for a writ of supervisory control in a civil action currently pending in the District Court of Madison County, Cause No. 7457, entitled The Association of Unit Owners of the Deer Lodge Condominium, Inc., et al., v. Big Sky of Montana Realty, Inc., et al. The action relates to the construction of the Deer Lodge Condominium located at Big Sky, Montana. We grant the application for supervisory control as to certification of the underlying suit as a class action.

The issue is whether supervisory control is both necessary and appropriate.

While we do not have an official record before us, the facts as contained in the various briefs and memoranda are not in dispute. Boyne is a Michigan corporation which owns and operates Big Sky Resort at Big Sky, Montana. Boyne is one of the defendants in Cause No. 7457 brought by the The Association of Unit Owners of the Deer Lodge Condominium, Inc. (Association). The plaintiffs in that cause are the Association and the Board of Directors of the Association. The case arose out of the construction and reconstruction of two buildings called Deer Lodge Condominium, located at Big Sky Resort. The buildings were completed in 1975 by Inland Construction Company. Defendant Lloyd W. Darg and Associates was construction engineer, and defendant Douglas A. Moe, Architects, Inc., was the architect. Big Sky of Montana, Inc. (Big Sky) sold units in the buildings during 1974 and 1975. Big Sky itself was owned by Chrysler Realty Corporation (Chrysler) and a number of other shareholders. In May 1976, the shareholders of Big Sky formed Big Sky of Montana Realty, Inc. (Realty), as a subsidiary of Big Sky. In June 1976, the shareholders sold the resort operations to Boyne.

Prior to closing that sale, Big Sky transferred the operating assets, including various real estate condominiums and developments, to Realty, whose shares were then distributed to the shareholders who in turn transferred the shares of Big Sky to Boyne. After the sale, Realty owned the unsold interest in the Deer Lodge Condominium and was the only entity that sold inventory after that date.

In the summer of 1976, significant structural defects were discovered in the buildings and Big Sky retained defendants Morrison-Maierle, Inc., and Martell Construction to repair them. In December 1976, after the repairs had been completed, Boyne purchased 34 out of the 126 units in Deer Lodge Condominium. In July 1978, Big Sky merged into Boyne and the surviving corporation was Boyne. The present lawsuit was initiated in 1984. We are advised by the Association that only Big Sky-Boyne, Chrysler, Realty, and Morrison-Maierle, Inc., remain as defendants.

The amended complaint is very long. In pertinent part it alleges that on or about April 1, 1976, Realty and Big Sky informed the Association there were significant structural and safety deficiencies in the Deer Lodge Condominium and thereafter attempted to make the necessary corrections and repairs. The complaint contains extensive general allegations of defects in framing, supports, foundations, and other essential elements of construction. The complaint alleges that the engineer and architect for the Association determined that the condominium buildings were unsafe for habitation. The buildings have been vacated and the Association has been advised that the cost of making the buildings habitable would be $6,318,000 and alternatively that the reduction in value is $10,000,000. They allege that the value of the loss of use of the buildings was $3,500,000; the cost of storage of various furnishings and equipment was $150,000;

3

and that emergency repairs of $50,000 were required. The complaint then further alleges the right of recovery under various theories. The theories include express warranty, implied warranty, breach of contract, negligence, strict liability, fraud and violation of the breach of the implied covenant of good faith and fair dealing, deceptive business practices, promissory estoppel, negligent supervision, breach of the implied warranty of habitability, and a separate claim against Morrision-Maierle, Inc. The damages sought are the above described amounts together with punitive damages in the amount of $25,000,000 and treble damages under § 30-14-133, MCA, together with reasonable attorney fees.

Plaintiffs did not take any action to certify the claim as a class action suit under Rule 23, M.R.Civ.P. The Association, which owns one of the 126 units, asserts the claims on its own behalf and on the behalf of the owners of the remaining 125 units. The Association contends that it has the right to present the claims on behalf of the individual unit owners, including Boyne. Boyne moved to segregate its claim and align itself as a party plaintiff so it could prosecute its claim in its own name. Boyne's motion was denied. All of the defendants moved for summary judgment based in part upon statutes of limitation. The motions of defendants Lloyd W. Darg and Associates and Douglas A. Moe, Architects, Inc., were granted. The District Court ruled that the plaintiffs had knowledge of the claims no later than September 1976. Boyne sought to be dismissed on the same basis but that motion was denied. Chrysler moved to dismiss for failure to join necessary parties and lack of a real party in interest and that motion was denied.

In its petition for supervisory control, Boyne requests that its motion to segregate and align be granted. It also

4

asks that its motion for summary judgment be granted based upon non-disparate application of the statute of limitations.

Is supervisory control both necessary and appropriate in the underlying case?

This Court has stated that supervisory control is appropriate where there are procedural entanglements that may prolong the litigation and appeal is an inadequate remedy, or where it is apparent from the record that relator will be deprived of a fundamental right unless supervisory control is granted. State v. District Court of Eighth Jud. Dist. (Mont. 1985), 703 P.2d 148, 153-54, 42 St.Rep. 1061, 1065-66. In the underlying case, there have been many depositions taken as well as interrogatories and other types of discovery. As pointed out by the District Court and the Association, the litigation has been dragging on and it is essential for the protection of all parties that the litigation move forward as rapidly as is reasonably possible. Yet Boyne's claim is that it is being denied its right to an attorney by being forced to accept the Association as its representative.

We note that the complaint seeks to recover damages suffered by the Association itself as well as damages which can be classed as personal to the individual unit owners. The Association's claims cover repair and replacement of the common elements. The individual owners' claims include expenses of moving and storage of personal property, loss of use, diminution in value of units, loss of rent, and claims for breach of the covenant of good faith resulting in punitive damages.

As pointed out by the parties, Rule 17(a), M.R.Civ.P., provides that every action shall be prosecuted in the name of the real party in interest. In addition, that Rule provides that a party authorized by statute may sue in his own name

5

without joining the party for whose benefit the action is brought. The Association was formed under the Unit Ownership Act, §§ 70-23-101 to 70-23-1002, MCA. The Association in acting as plaintiff relied upon § 70-23-901, MCA, which in pertinent part provides:

> (1) Actions may be brought on behalf of two or more of the unit owners, as their respective interests may appear, by the manager with respect to any cause of action relating to the common elements or more than one unit.

The Association contends that this statute is broad enough to give it standing as the manager of the Association to bring this action which concerns the common elements of the condominium units and is brought on behalf of more than two of the unit owners.

The Association relies upon Brickyard Homeowners' Ass'n. v. Gibbons Realty (Utah 1983), 668 P.2d 535, in which the Supreme Court of Utah applied a statute similar to our § 70-23-901, MCA. The Utah Court concluded that the statute-authorized management committee could bring suit on behalf of unit owners without making it a class action or joining the unit owners as necessary parties. While the Utah statute was not identical to the Montana statute, it is definitely comparable. The Utah case involved questions with regard to fresh water ponds and glass installation in common areas, and other negligent design and workmanship. The defects were not alleged to have been sufficient to render the Utah condominiums unusable. In holding that the management committee could represent all of the unit owners, the Utah Court also concluded that the holdings would be binding upon the unit owners as a matter of res judicata. Towerhill Condo. Assoc. v. American Condo. (Ct.App.Ore. 1983), 675 P.2d 1051, was decided in a similar way although the Oregon

statute clearly gave the right to the Association to institute, defend, or intervene in behalf of two or more unit owners.

We distinguish the present case from the cases cited. The following significant factors present in this case were not present in the Utah and Oregon cases. Twenty-seven percent of the condominium units are owned by Boyne, a party which does not wish to have the Association represent it. Boyne is also a party defendant, which raises a further difficulty. Next, the materials furnished to us demonstrate that some but not all of the other unit owners have executed postcard consents to be bound by the results of this litigation. Some of the postcards indicate that the unit owners reserve the right to take further action on their own. We find a very confused position so far as individual unit owners are concerned which was not present in the Utah or Oregon cases.

The Unit Ownership Act of Montana provides no procedure describing how a manager is to proceed where a difference of opinion is present as in this case. Without ruling on the obvious constitutional questions involved, we conclude that it would be inappropriate to allow the action to proceed in the absence of authority to represent so many of the unit owners. We grant the petition for supervisory control.

Under Rule 19(a), M.R.Civ.P., a person who is subject to service of process must be joined as a party if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations. Certainly that type of contention may be made in the present case. Several of the defendants have requested that this Court dismiss the action below for

7

lack of a real party in interest. Yet clearly, various parties in the action are properly parties plaintiff. That, of course, includes the Association. We conclude that it would be inappropriate to dismiss the underlying action for lack of real parties in interest.

On July 2, 1987, the District Court denied defendants' motion to designate this case as a class action. Defendants and the relator have asked this Court to direct that the action be maintained as a class action. Rule 23, M.R.Civ.P., sets forth the class action requirements in Montana. In substance, Rule 23(a) provides that parties may sue as a class if the class is so numerous that joining all members is impractical, there are questions of law or fact common to the class, claims are typical of the claims of the class, and representative parties will fairly and adequately protect the interest of the class. Rule 23(b) and (c) describe in detail when a class action may be maintained and the determinations which are normally required by the court.

We note that in a class action maintained under Rule 23(b)(3), M.R.Civ.P., the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Rule 23(c)(2), M.R.Civ.P. The notice must advise each member that (A) the court will exclude that member from the class if so requested by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if desired, enter an appearance through counsel. Under the facts of this case as presented to us, this type of procedure appears to be most fair as to all parties. It will allow Boyne to request exclusion and to appear through its own counsel. It will also allow others of the unit owners to be

8

excluded if they choose to do so. Last, and important for the plaintiffs, if a unit owner does not request exclusion, then the judgment will be binding upon him. This appears to be the appropriate result in the present case.

From the uncontradicted materials presented by both relator and respondents, we conclude that the requirements of Rule 23(a), M.R.Civ.P., are met. We conclude that the class of unit owners is so numerous that joinder of all members is impractical, and that there are questions of law and fact common to the class and that the claims of the plaintiffs are typical of the claims of the class. We further conclude that there is a sufficient identity to the types of claims made by the various unit owners that the representative parties will fairly and adequately protect the interests of the class. As a result, no further findings are required by the District Court on Rule 23(a). As we analyze Rule 23(b), M.R.Civ.P., we conclude that the questions of law or fact common to the members of the plaintiff class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

We hold that the underlying action shall proceed as a class action on the part of the unit owners as plaintiffs. In doing so, we recognize that the District Court will be required to make additional decisions and orders. In particular, the District Court shall order the unit owners be given the best notice practicable under the circumstances, including individual notice to all unit owners who can be identified through reasonable effort. The notice shall meet the requirements of Rule 23(c)(2), M.R.Civ.P. We specifically recognize the continuing jurisdiction on the part of the District Court under Rule 23(d), M.R.Civ.P., so that the power of the District Court to make appropriate orders in the

9

course of this litigation is not in any way restricted, so long as such orders are consistent with this opinion.

We decline to exercise supervisory control as to the orders and motions on statutes of limitation. In a similar manner, we do not address the other requests of the parties. We conclude it would be premature to rule on these until the final determination has been made as to the parties constituting both plaintiffs and defendants. All of such parties should be given the opportunity to present their contentions on such motions and requests.

The matter is remanded to the District Court for further action consistent with this opinion.

_____
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____
John C. Sheehy

_____
R. C. Gulbrandson

_____
William E. Hunt

_____
L. C. McKinnon
Justices