No. 95-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

VIVIAN MOHL,

Plaintiff and Appellant,

v.

TIMOTHY S. JOHNSON,

Defendant and Respondent.

FILED

FEB 13 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Thomas W. White; Sedivy, Bennett & White,
                Bozeman, Montana

        For Respondent:

                Michael C. Coil; Angel, Screnar, Coil,
                Bartlett & Fay, Bozeman, Montana


                        Submitted on Briefs:   January 11, 1996

                                  Decided:   February 13, 1996

Filed:


                                  Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Vivian Mohl (Mohl) appeals from the Gallatin County, Eighteenth Judicial District Court's Order and Judgment dismissing her action against Timothy Johnson (Johnson). Pursuant to Rule 19(a), M.R.Civ.P., the District Court determined that Johnson's employer, U-Haul Company of Montana (U-Haul), was an indispensable party to the action. The court then dismissed the case believing the statute of limitations had run against U-Haul and, thus, that U-Haul could not be joined as a defendant. Mohl raises two issues on appeal:

1. Did the District Court err in determining that U-Haul is an indispensable party to this action and, therefore, under Rule 19(a), M.R.Civ.P., complete relief cannot be accorded among those already parties?

2. If U-Haul is an indispensable party to this action under Rule 19(a), M.R.Civ.P., did the District Court err in not allowing U-Haul's joinder?

On August 28, 1990, Mohl was driving south on North 7th Street in Bozeman, Montana. Mohl and Johnson collided when Johnson entered North 7th Street from the U-Haul driveway bordering North 7th on the west. Johnson, an employee of U-Haul, was acting within the course and scope of his employment at the time of the accident.

Mohl sued Johnson for damages alleging that Johnson was negligent. After Mohl presented her case and after Johnson finished testifying as the first defense witness, the court dismissed the case on the grounds that U-Haul is an indispensable party. Further, the court reasoned that dismissal was necessary because the court no longer had jurisdiction to join U-Haul because

2

the three-year statute of limitations had expired. Mohl then moved for reconsideration of the order of dismissal. Oral argument was heard and the court denied the motion. Mohl appeals from this denial. We reverse.

1. Did the District Court err in determining that U-Haul is an indispensable party to this action and, therefore, under Rule 19(a), M.R.Civ.P., complete relief cannot be accorded among those already parties?

The parties stipulate and agree to the fact that, when the accident occurred, Johnson was acting within the course and scope of his employment with U-Haul. In its Judgment, the District Court found "that in U-Haul's '. . absence complete relief cannot be accorded among those already parties.' Rule 19(a) M.R.Civ.P." Additionally, the court determined that the statute of limitations as to any claim against U-Haul began to run at the time of the accident and had, therefore, expired.

Rule 19(a)(1), M.R.Civ.P., establishes that persons "shall" be joined as parties if complete relief cannot be accorded without their participation. Rule 19(b), M.R.Civ.P., states that if an indispensable party, as defined by Rule 19(a)(1)-(2), M.R.Civ.P., cannot be made a party, "the court shall determine whether in equity and good conscience the action should proceed . . or should be dismissed. . . ." Additionally, Rule 21, M.R.Civ.P., states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The court is given the discretion to determine whether the action will proceed or will be dismissed. In reviewing discretionary rulings by the district

3

court we apply the abuse of discretion standard. Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. Thus, the District Court's decision to dismiss an action based on the absence of an indispensable party is reviewed for an abuse of discretion. See Confederated Tribes v. Lujan (9th Cir. 1991), 928 F.2d 1496.

The District Court's entire rationale for dismissal "that in U-Haul's '. . . absence complete relief cannot be accorded among those already parties.' Rule 19(a) M.R.Civ.P." does not provide us with much insight into the court's reasoning. At the hearing on Mohl's motion for reconsideration of dismissal, the court asked "[h]ow can complete relief be granted without U-Haul as a party?" In its Judgment, the court emphasized that "Defendant was an employee of the U-Haul Company at the time of the accident. It was also established without contest that at the time of the accident Defendant was acting within the course and scope of his employment." Although it did not say so, it appears that the court determined that, as Johnson's employer, U-Haul had a duty to indemnify Johnson based on § 39-2-701, MCA. Section 39-2-701, MCA, provides:

> Indemnification of employee. (1) An employer must indemnify his employee, except as prescribed in subsection (2) of this section, for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such or of his obedience to the directions of the employer, even though unlawful, unless the employee at the time of obeying such directions believed them to be unlawful.
> (2) An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed.

4

(3) An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.

The court apparently reasoned that, as Johnson's employer, U-Haul's participation was necessary to accord complete relief to Johnson, that is, to indemnify Johnson for any costs incurred while in the course of employment. This Court has held that "[t]he right of indemnity is that where one is compelled to pay money which, in justice, another ought to pay, the former may receive from the latter the sums so paid." EBI/Orion Group v. State Compensation Ins. Fund (1989), 240 Mont. 99, 104, 782 P.2d 1276, 1279 (citing Raisler v. Burlington Northern R.R. Co. (1985), 219 Mont. 254, 258, 717 P.2d 535, 537). Consequently, it appears the court determined that U-Haul had to be joined as a party to indemnify Johnson and provide complete relief.

Concerning Rule 19(a), M.R.Civ.P., we have held that, "whenever feasible, persons materially interested in the subject of an action be joined so that they may be heard and a complete disposition of the case be made." Village Bank v. Cloutier (1991), 249 Mont. 25, 29, 813 P.2d 971, 974. Additionally, under Rule 19(a), M.R.Civ.P., a person who is subject to service of process must be joined as a party if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations. State ex rel. Boyne USA v. District Court (1987), 228 Mont. 314, 319, 742 P.2d 464, 467. In

the instant case, however, we do not consider U-Haul an indispensable party under Rule 19(a), M.R.Civ.P.

Montana's Rule 19 is modeled on Rule 19 of the Federal Rules of Civil Procedure, thus, we look to interpretation of the Federal Rules for guidance. The Federal Rule 19, clause (a)(1), "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE 3A ¶ 19.07-1[1] (2d ed. 1994)(citing Advisory Committee Note, ¶ 19.01[5]); <u>see also</u> Jean F. Rydstrom, *Who Must Be Joined in Action as Person "Needed for Just Adjudication" Under Rule 19(a), Federal Rules of Civil Procedure,* 22 A.L.R. Fed. 765, 789 § 7 (1975). The requirement of clause (a)(1) is related to the third factor of subdivision (b) concerning the adequacy of judgment, and to holdings that the inability to fashion an effective decree in the person's absence may render him indispensable. <u>Moore et al.</u>, ¶ 19.07-1[1]. While a party should be joined if his presence is deemed necessary for the according of complete relief, it must be noted that complete relief refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought. Nor is joinder necessary where, although certain forms of relief are unavailable due to a party's absence, meaningful relief can still be provided. <u>Moore et al.</u>, ¶ 19.07-1[1]. There is no precise formula for determining whether a particular non-party is necessary to an action, consequently the determination is heavily influenced

6

by the facts and circumstances of each case.  <u>Confederated Tribes</u>, 928 F.2d at 1498.

Based on Montana law and federal guidance, we agree with Mohl that complete relief can be accorded among Mohl and Johnson as the only parties.  U-Haul does not claim an interest in this action. A complete disposition of the negligence claim can be made without U-Haul's participation.  <u>Village Bank</u>, 813 P.2d at 974; <u>Boyne USA</u>, **742** P.2d at 467.  Mohl's action is against Johnson.  The wrong, if any, was committed by Johnson, Mohl seeks nothing from U-Haul.  <u>See</u> Yonofsky v. Wernick (S.D.N.Y. 1973), 362 F. Supp. 1005, 1023. Judgment in the present case would not subject the parties to the risk of multiple or otherwise inconsistent obligations as the rights and liabilities of the parties under the negligence claim would be finally concluded.  State *ex* rel. Drum v. District Court (1976), 169 Mont. 494, 502-03, 548 P.2d 1377, 1382. Additionally, if U-Haul were joined, it would find itself dragged unwillingly into a suit, with all the accompanying expenses, that essentially presents **claims** between Mohl and Johnson. <u>See</u> Bevan v. Columbia Broadcasting Sys., Inc. (S.D.N.Y. 1968), 293 F. Supp. 1366, 1369. Finally, it should not be overlooked that the philosophy of Rule 19 is to avoid dismissal whenever possible. <u>Yonofsky</u>, 362 F. Supp. at 1023 (citing Heath v. Aspen Skiing Corp. (D. Colo. 1971), 325 F. Supp. 223, 229).

Assuming that Johnson, as U-Haul's employee, may have a claim for indemnity against U-Haul, that **claim** would be separate and distinct from the underlying negligence claim against Johnson. An

7

indemnity claim would not even arise unless and until the employee was found liable for damages. St. Paul Fire Ins. Co. v. Thompson (1969), 152 Mont. 396, 403, 451 P.2d 98, 102. Accordingly, there is no need for the indemnity issue to be resolved simultaneously with the negligence claim. Rather, the indemnity suit would arise out of and be subsequent to the negligence suit. Additionally, concerning the statute of limitations on an indemnity claim, we have held:

> that the cause of action for . . . indemnity is distinct from the underlying cause of action, and the time from which the statute of limitations for such a cause of action begins to run is when the underlying claim, judgment, or settlement is paid or discharged.

Linder v. Missoula County (1992), 251 Mont. 292, 299, 824 P.2d 1004, 1008 (quoting Schiess v. Bates (Idaho 1984), 693 P.2d 440, 442) (citing St. Paul, 451 P.2d at 102); see also EBI/Orion, 782 P.2d at 1279. Since the underlying negligence case has not yet been decided, an indemnity claim against U-Haul has not yet arisen and the statute of limitations has not yet begun to run. See Linder, 824 P.2d at 1008. Therefore, the District Court erred in determining that the statute of limitations had run against U-Haul.

U-Haul, as the employer and potential indemnitor is not an indispensable party to the negligence suit against Johnson, the employee. We hold that U-Haul is not an indispensable party under Rule 19, M.R.Civ.P., and that the court abused its discretion in dismissing Mohl's suit.

Because we hold that the District Court abused its discretion in dismissing this case based on its determination that U-Haul is

8

an indispensable party to this action we need not discuss Mohl's second issue. Reversed and remanded for a continuation of the trial proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices