No. 96-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BLAZE CONSTRUCTION, INC.,

      Plaintiff and Appellant,

v.

GLACIER ELECTRIC COOPERATIVE, INC.,

      Defendant and Respondent.

FILED

NOV 26 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Robert G. Olson; Frisbee, Moore & Olson,
            Cut Bank, Montana

      For Respondent:

            Larry Epstein; Werner, Epstein & Johnson,
            Cut Bank, Montana

      For Amicus:

            Kathleen Fleury, Blackfeet Legal Department,
            Browning, Montana (for Blackfeet Tribe)

            Jeanne S. Whiteing; Whiteing & Smith, Boulder
            Colorado (for Blackfeet Tribe)


Submitted on Briefs:  November 14, 1996

Decided:  November 26, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Blaze Construction (Blaze) filed suit against Glacier Electric Cooperative (Glacier) alleging breach of contract for the failure to pay Blaze the sum of $36,000 on a contract concerning the construction of 24 homes on the Blackfeet Reservation. Glacier moved to dismiss for failure to join an indispensable party and for lack of jurisdiction of the parties. The Blackfeet Tribe, which is litigating breach of contract and recoupment claims against Blaze in federal district court, moved to intervene for the purpose of contesting jurisdiction. The District Court granted Glacier's motion to dismiss for failure to join the Blackfeet Tribe as an indispensable party. Blaze appeals from the order of dismissal. We affirm.

## Background

Blaze is a corporation existing under the laws of the Blackfeet Tribe and authorized to do business in the State of Montana. Glacier is a rural electric cooperative with its principal office in Cut Bank, Montana.

In conjunction with the Bonneville Power Administration, Glacier administers a conservation incentive program known as Super Good Cents. Under this program, homes built to meet certain energy conservation specifications qualify the builder or the owner to a payment of reimbursement for additional weatherization costs of up to $1,500 per home. Depending upon the circumstances and the agreement between the parties, Glacier has in the past made these payments to the owner of a new home, or, in the alternative, to the

2

builder. Usually, the builder or contractor and the owner of the residence reach agreement whereby the owner receives some form of credit for the Super Good Cents expense incurred by the builder in new construction.

In June of 1994, Blaze contracted with Glacier to construct 25 homes in conformance with Super Goods Cents standards. All the homes constructed pursuant to this contract were constructed on the Blackfeet Reservation and are owned by the Tribe. Glacier and Blaze are the only signatories to this contract. Both Blaze, as the builder, and the Tribe as the owner, of 24 of the 25 certified new homes, claim reimbursement of the funds due under the incentive program.

Glacier does not dispute that Blaze completed its obligation to build the homes nor does it dispute that it has not paid incentive money to Blaze. Rather, Glacier moved to dismiss the suit arguing that, since the Tribe had made a demand upon Glacier for the incentive monies, the Tribe, as the owner of the homes, was an indispensable party to the litigation. The Tribe moved to intervene for the sole purpose of having the matter dismissed for lack of jurisdiction over the Tribe. Blaze concedes that if the Tribe is an indispensable party, the complaint has to be dismissed since the court has no jurisdiction over the Tribe. Blaze contends that the Tribe is not an indispensable party since the Tribe was not a party to the Blaze/Glacier contract. Blaze argues that only those entities which are in privity can be considered indispensable.

3

## Discussion

In considering a motion to dismiss on the ground that an indispensable party is absent, "the court is given discretion to determine whether the action will proceed or will be dismissed." Mohl v. Johnson (1996), 275 Mont. 167, 169, 911 P.2d 217, 219. In reviewing such discretionary rulings we apply an "abuse of discretion standard." Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125.

Resolution of this appeal hinges upon application of Rule 19, M.R.Civ.P., which states:

**Rule 19(a). Persons to be joined if feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

**Rule 19(b). Determination by court of whenever joinder not feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in

4

the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In interpreting Rule 19, this Court has held that, in the interests of judicial economy, all parties claiming an interest in the subject of the suit should be joined. Dagel v. City of Great Falls (1991), 250 Mont. 224, 239, 819 P.2d 186, 195.

Under Rule 19, M.R.Civ.P., a court must first determine under Rule 19(a) whether the absent party is necessary to the action, that is, whether complete relief can be accorded without the absent party's participation and, second, if the absent party is necessary but joinder is not possible, whether the absent party is indispensable under Rule 19(b), that is, whether in "equity and good conscience the action should proceed . . . or should be dismissed. . . ." Mohl, 911 P.2d at 219.

Blaze relies on our decision in Gambles v. Perdue (1977), 175 Mont. 112, 572 P.2d 1241, for its argument that a person who is not a party to a contract is not an indispensable party to a suit involving that contract. In Gambles, a retail carpeting store sued John Perdue on contracts covering the purchase and installation of carpeting in Perdue's residence. After the installation of the carpeting, Perdue's wife obtained a divorce in which she was awarded the residence in question and was made solely responsible for all indebtedness on the property. Gambles, 572 P.2d at 1242. In response to Gambles' complaint, John Perdue contended that all proper parties were not before the court; that his ex-wife was

5

responsible because she had been awarded the property in the divorce proceeding. Gambles, 572 P.2d at 1243. The court entered judgment for him on that basis. Gambles appealed. We vacated the dismissal for the reason that a contracting obligee cannot be deprived of recourse against the contracting obligor (John Perdue) by a substitution of debtors without the obligee's, (Gambles) consent. Thus John Perdue remained liable on his contract despite the provisions of the divorce decree. We held that Anna, John's ex-wife, was not a proper party because she was not a party to the contract. Gambles, 572 P.2d at 1243. Gambles is clearly distinguishable from the present case. Gambles did not involve an interpretation of Rule 19. Further, the present case does not involve a substitution of an obligee. Rather, it involves a question of whether the obligor (Glacier) may, in the absence of joinder, be subject to multiple obligations.

In the present case, the District Court noted that Blaze conceded that proceeding to judgment in state court without the Tribe as a party will most likely subject Glacier to further litigation with the Tribe over the same monies in another forum. Rule 19(a), M.R.Civ.P., specifically requires joinder of persons who claim an interest in the action and whose absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." We agree with the court's conclusion that, given the Tribe's claimed interest, Glacier is in substantial risk of incurring multiple and inconsistent obligations. The court

6

correctly concluded that the Tribe is a necessary party to the litigation.

Having concluded that the Tribe is a necessary party, the next inquiry is whether, "in equity and good conscience" the matter should proceed without the Tribe or should be dismissed, the Tribe being thus regarded as indispensable. Rule 19(b), M.R.Civ.P. In making this determination, the court is directed to consider the following factors:

1. To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

2. The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

3. Whether a judgment rendered in the person's absence will be adequate;

4. Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b), M.R.Civ.P.

Blaze contends that if this matter is dismissed for failure to join the Tribe, Blaze will be denied the right to proceed in a state court forum. In this regard, we note that, although Blaze filed three briefs in this appeal and surprisingly did not rely on State ex rel. Drum v. District Court (1976), 169 Mont. 494, 548 P.2d 1377, the holding in Drum merits some discussion. Drum involved a suit against David Drum by First National Bank to

7

collect on promissory notes. Drum moved to dismiss on the ground that the suit was not prosecuted in the name of the real party in interest and for failure to join an indispensable party plaintiff, i.e., Chase Manhattan Bank of New York; an entity which could not be sued in the courts of Montana under 12 U.S.C. § 94. Drum, 548 P.2d at 1379. In refusing to issue a writ of supervisory control to dismiss for nonjoinder, we noted that dismissal would leave First National with no remedy in the courts of its own state to collect the money it loaned to the Drums. Drum, 548 P.2d at 1382.

Although it would appear that this same concern for a state court forum would militate against dismissing Blaze's suit for nonjoinder of the Tribe, there are a number of aspects of the present suit which distinguish it from the Drum matter. Drum sought to dismiss for nonjoinder of Chase Manhattan. Chase's only tie to the transaction was that it had a participation agreement with First National. Chase's absence from the litigation would not impair its ability to enforce its participation agreement with First National. Furthermore, judgment in the case would not have subjected Drum to the risk of multiple or otherwise inconsistent obligations since Drum's rights and liabilities would be finally concluded in the context of the Drum/First National Bank promissory note agreements. We noted that it was no concern of Drum what First National did with the proceeds of the repaid loan. Drum, 548 P.2d at 1381. In contrast, Glacier's rights and obligations with regard to the incentive monies will not be finally concluded in the context of the Glacier/Blaze contract. Rather, in the absence of

8

joinder of the Tribe, Glacier will be at risk of multiple and inconsistent obligations.

Recognizing that it did not have any jurisdiction over the Tribe, the District Court concluded that it would be unable to fashion any meaningful relief which would address the claims of the Tribe and avoid the risk of further litigation to Glacier. Furthermore, the court recognized that there are two other forums, the Tribal Court and the United States District Court, which have jurisdiction over all three entities.

We hold that the Blackfeet Tribe is a necessary party over which the District Court has no jurisdiction. Thus, the District Court did not abuse its discretion in dismissing Blaze's claim for nonjoinder of an indispensable party. Affirmed.

_W. William Leaphart_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_[signature]_

_[signature]_

_Karla M. Gray_
Justices

November 26, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Robert G. Olson
Frisbee, Moore & Olson
P.O. Box 547
Cut Bank, MT  59427

Larry Epstein
Werner, Epstein & Johnson
P.O. Box 428
Cut Bank, MT  59427

Kathleen Fleury
Blackfeet Legal Dept.
P.O. Box 849
Browning, MT 59417

Jeanne S. Whiteing
Whiting & Smith
1136 Pearl St., Suite 203
Boulder, CO 80302

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy